# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON DURRELL SETTRINI,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>  Defendants. | Case No.: 3:20-cv-02273-RBM-BGS<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>**[Doc. 24]** |

Presently before the Court is a motion to seal filed by Defendants City of San Diego, Anthony Duncan, and Conner Quintanilla ("Defendants"). (Doc. 24.) For the reasons discussed below, Defendants' motion is **DENIED**.

## I.     LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed,

1

particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II.   DISCUSSION

Defendants seek to seal: (1) Exhibit 1 to the Declaration of Anthony Duncan in Support of Defendants' Motion for Partial Summary Judgment; and (2) Exhibit 2 to the Declaration of Connor Quintanilla in Support of Defendants' Motion for Partial Summary Judgment. (*See* Doc. 24 at 2.) Both exhibits are videos retrieved from the police body cameras worn by Defendants Duncan and Quintanilla on the night of the incident with Plaintiff Winston Durrell Settrini ("Plaintiff") at issue in this case. (Doc. 24-1 at 4.) Because Defendants' underlying summary judgment motion is "more than tangentially related to the merits of the case," the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Defendants state the documents to be sealed "refer to or contain confidential body-worn camera videos of the subject incident (arrest of Plaintiff Winston Durrell Settrini), and the details surrounding his detention and arrest." (Doc. 24-1 at 4.) Defendants argue sealing is appropriate because the documents are subject to the parties' stipulated protective order (*see* Doc. 18), and because the documents "contain the confidential, private information of the Defendant Officers to include specific information regarding their identities" and "Official Information acquired in confidence by a police officer in the course of his duty that was not open, or officially disclosed, to the public prior to the time the claim of privilege was made." (Doc. 24-1 at 4.) Defendants also argue the videos contain "private, personal information of witnesses to the incident as noted above that is not generally known to the public" that, if disclosed, "could cause irreparable harm and/or violate the rights of privacy of Plaintiff and the Defendant Officers." (*Id.*) Finally, Defendants argue that "due to the graphic and sensational nature of the contents of the videos (to wit: and alleged police excessive force incident) there is a distinct possibility that their contents, if made public, will be used for improper purposes by media outlets and or private individual." (*Id.*)

At the outset, the Court notes that one party's designation of a document as "Confidential" does not, standing alone, demonstrate that the documents should be shielded from public access. *See*, *e.g.*, *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion."); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 6395595, at *1 (S.D. Cal. Nov. 2, 2020) ("That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings."); *In re Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB MDD, 2014 WL 1912731, at *2 (S.D. Cal. May 13, 2014) ("Though the Parties themselves may have stipulated to the confidential nature of this information, the 'compelling reasons' standard is invoked even if the motion, or its attachments, were previously filed under seal or protective order.") (citing *Kamakana*, 447 F.3d at 1179).

3

Accordingly, a sealing order will be issued only if the Court is satisfied Defendants have otherwise satisfied the compelling reasons standard.

Here, Defendants have not met their burden of showing compelling reasons to seal the documents at issue. "Defendants do not assert any exception to the presumption of public access or offer any authority that supports sealing material merely because its contents are sensitive and particularly where, as here, the footage contains evidence that is highly probative to the case." *Narciso v. Cnty. of San Diego*, No. 20CV116-LL-MSB, 2022 WL 3447509, at *11 (S.D. Cal. Aug. 17, 2022). Courts in this District have denied similar requests to seal body camera footage where the Plaintiff alleges excessive force claims under 42 U.S.C. § 1983. *See id.* (denying motion to seal "where the body camera captured footage of police officers allegedly hurting a citizen" finding videos "of significance to the public, who has an interest in transparency of law enforcement activity and its use of force"); *Cheatum v. City of San Diego*, No. 18-CV-1703-BTM-AGS, 2019 WL 3817954, at *2 (S.D. Cal. Aug. 14, 2019) ("[T]he Court is concerned that such records are of significance to the public, who has an interest in the activity of law enforcement and its use of force."); *Lee v. City of San Diego*, No. 18CV0159 W (BLM), 2019 WL 117775, at *3 (S.D. Cal. Jan. 7, 2019) (denying motion to seal body camera footage filed in excessive force case, finding Defendants "fail[ed] to provide any support as to how videos of an arrest made on a crowded sidewalk contain information that if disclosed to the public could cause harm or violate anyone's rights"). The Court finds that the arrest at issue in this case is of significant interest to the public. Additionally, the Court does not find that sealing is necessary to protect the identifies of the police officers, as Defendants Duncan and Quintanilla have already been named in the public docket.

### III.  CONCLUSION

Accordingly, the Court **DENIES** Defendants' motion to seal. (Doc. 24.)

///
///
///

**IT IS SO ORDERED.**

DATE:  October 11, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE