Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiff Winston Durrell Settrini

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON DURRELL SETTRINI,<br><br>　Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO, and DOES 1 through 10, inclusive,<br><br>　Defendants. | Case No.: 20-CV-02273-CAB-BGS<br><br>PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW<br><br>PRE-TRIAL CONFERENCE DATE:<br><br>　　　　JULY 27, 2023<br><br>TIME:　　1:30 P.M.<br><br>CTRM:　　5B<br><br>**UNITED STATES DISTRICT JUDGE RUTH BERMUDEZ MONTENEGRO** |

**COMES NOW** plaintiff Winston Durrell Settrini, and shows this honorable court his Settlement Conference Brief as follows:

**FACTUAL BACKGROUND:**

On the evening of July 21, 2019, plaintiff Winston Durrell Settrini ("SETTRINI"), was walking on the sidewalk with his friend, Aaron Hands, in San Diego. SETTRINI saw a young lady being physically abused (pushing her) by her

PLAINITFF'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW
1

boyfriend on the other side of the street. SETTRINI saw an unidentified male pushing an unidentified female. Plaintiff ran over and asked the male "Why are you pushing a girl?" SETTRINI did not get a reply and the male took his right hand and punched plaintiff in his face. SETTRINI stumbled back and landed on the ground on his buttocks. While SETTRINI was sitting down on the ground, he asked his assailant, "Why did you hit me?"

SETTRINI got up not knowing who was pulling on the him, plaintiff instinctively ran to escape what he reasonably perceived as imminent injury from one of the batter's friends. SETTRINI ran away from the man who grabbed his elbow from behind; defendant police officer Anthony Duncan ("DUNCAN"). As SETTRINI ran away from DUNCAN on the sidewalk, DUNCAN yelled-out at him, *"Come here motherfucker"*; something not apparently taught at the police academy, and something that SETTRINI didn't recognize as the words of a police officer.

DUNCAN never identified himself as a police officer when he approached SETTRINI from behind and grabbed his elbow. Moreover, DUNCAN's yelling out *"Come here motherfucker"* also failed to place SETTRINI on notice the person yelling that phrase was a police officer. SETTRINI was surrounded by the woman batterer's friends, and SETTRINI believed that he was now being pursued by person's who bore great and immediate hostility toward him, and he ran away from DUNCAN very quickly, with DUNCAN running after SETTRINI down the sidewalk toward an alley.

SETTRINI turned the corner and ran down an alley, with DUNCAN in hot pursuit. Defendant San Diego Police Department police officer Conner Quintanilla ("QUINTANILLA") saw DUNCAN running after SETTRINI, hopped into his patrol car, and drove after DUNCAN and SETTRINI; down the alley.

Halfway down the alley that DUNCAN was running after SETTRINI down, SETTRINI fell down, and turned around behind him. When he did, he saw DUNCAN on foot, and QUINTANILLA driving his patrol car at him. He now

knew that the people pursuing him were police officers.

When asked during his deposition why SETTRINI then continued to run, SETTRINI answered, because if you run from the police they are going to beat you up if they catch you; something that bore out to be true in this case.

QUINTANILLA caught-up to SETTRINI with his patrol car, got out of the same, and tackled SETTRINI to the ground; slamming him down hard there. Both officers (QUINTANILLA and DUNCAN) gave the old-time BS story about why they punched-out, kneed and basically beat-up SETTRINI; claiming that he was secreting his left beneath his body, while he laid back-down on the street; not belly down. The officer's account of their tussling with SETTRINI on the ground, and why they punched and kicked him simply make no sense (plaintiff will provide the deposition transcripts of QUINTANILLA and DUNCAN to the Court, and will reference those pages where the officers give just plain ridiculous explanations for their conduct).

The cold facts are that the officers beat-up SETTRINI because he ran from them. It's really simple. That is what happens when you run from the police in modern America. The only time that the police don't beat someone who runs or eludes them is when there are News helicopters above them. SETTRINI was then taken to jail for felony using force and violence to resist a peace officer; something that the officers basically admit in their depositions was not true.

**PLAINTIFF'S LEGAL CONTENTIONS:**

    I.    **PLAINTIFF'S CLAIMS FOR EXCESSIVE FORCE VIA 42 U.S.C. § 1983, AND HIS CALIFORNIA STATE LAW CLAIMS FOR BATTERY AND FOR VIOLATION OF CAL. CIVIL CODE § 52.1 ARE ALL PROPERLY SHOWN IN THIS CASE.**

    A.  **Plaintiff's Claim For Excessive Force Via 42 U.S.C. § 1983 Is Properly Show In This Case.**

As stated above, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry*, 751 F.3d at 1105-1106. When an officer seizes a person by using "excessive force," his conduct violates that person's Fourth Amendment right to be free from unreasonable seizures. *See Brower v. County of Inyo,* 489 U.S. 593, 596 (1989); *Graham v. Connor,* 490 U.S. 386, 395 (1989). In evaluating objective "reasonableness" of force, the Court considers "[1] the severity of the crime at issue,[2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Ibid*. In addition, "the availability of alternative methods of capturing or subduing a suspect may be a factor to consider." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (citing *Chew v. Gates,* 27 F.3d 1432, 1441 n. 5 (9th Cir. 1994)).

"A series of Ninth Circuit cases has held that tight handcuffing can constitute excessive force." *LaLonde v. Cty. of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000) (citing *Palmer v. Sanderson,* 9 F.3d 1433 (9th Cir. 1993); *Hansen v. Black,* 885 F.2d 642 (9th Cir. 1989)). "The issue of tight handcuffing is usually fact-specific and is likely to turn on the credibility of the witnesses." *Ibid*. For that reason, in *LaLonde*, the Court recognized that "it is difficult, if not impossible, to say that the only reasonable conclusion that the evidence permits is that the force used [in applying tight handcuffs] was reasonable" and held that "this aspect of the case should . . . have gone to the jury." *Ibid*.

There is no authority for so-called "distraction blows" in California statutory law. California law authorizes "any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense to use *reasonable force* to effect the arrest, to prevent escape or to overcome resistance." (Cal. Pen. Code § 835a [emphasis added]). While "[t]he concept of the so-called

distraction blow has been discussed in a number of cases," . . . "[s]imply labeling something a 'distraction blow,' . . . does not necessarily make it lawful, and any reasonable police officer should know that." *Orr v. California Highway Patrol*, No. 2:14-585 WBS EFB, 2015 WL 4112363 (E.D. Cal. July 8, 2015*), aff'd sub nom. Orr v. Brame*, 727 F. App'x 265 (9th Cir. 2018).

"A review of Ninth Circuit case law shows that, even when an arrestee refuses to comply with an officer's instructions, the use of a punch, or a 'distraction blow,' is impermissible when the arrestee's conduct is non-threatening." *Id*. "At the time of this incident, it was clearly established that repeatedly punching a facedown suspect who is not then resisting arrest is unlawful." *Briceno v. Williams*, __F.Appx__ (9th Cir. May 20, 2022). "*Blankenhorn v. City of Orange* held that a police officer was not entitled to qualified immunity when, after tackling a suspect to the ground, he repeatedly punched the suspect in the head even though the suspect, who had refused to be handcuffed before the takedown, was no longer resisting." *Id*. (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 480–81 (9th Cir. 2007).

Recently, the Ninth Circuit in *Briceno* affirmed a judgment of this Court denying summary judgment for San Diego Police Department officers who beat their victim under similar circumstances:

> Briceno never resisted being handcuffed. On his account: He did not "maneuver" and then pin his hands beneath his body in "attempt to prevent the officer[] from handcuffing him," see *id*. at 478, 480, although he did try to protect his stitched, bandaged hand from further injury as he fell. He was never told to make his hands available for cuffing. And as soon as Briceno was "slammed" face- down on the ground, Williams immediately struck him in the head and kneed him in the ribs.
> On this account, *Blankenhorn* gave Officer Williams "fair notice" that his "conduct was unlawful." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam). We have interpreted *Blankenhorn* as so holding before, and we reiterate that interpretation here. See *Myers v. City of Hermosa Beach*, 299 F. App'x 744, 746 (9th Cir. 2008); *Orr v. Brame*, 727 F. App'x 265, 267 (9th Cir. 2018).

PLAINITFF'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW
5

*Briceno v. Williams*, __F.Appx__ (9th Cir. May 20, 2022).

Thus, the Ninth Circuit relied on *Blankenhorn* and *Orr* to deny summary judgment for San Diego Police Department officers who attempted to justify their use of force on a downed arrestee as "distraction" blows.

Here, the police officer defendants' actions constituted Fourth Amendment excessive force under clearly established law, and thus evinced at least "reckless disregard for a person's constitutional rights" sufficient to maintain a Bane Act claim. *Reese*, 888 F.3d at 1045. First, Defendants DUNCAN and QUINTANILLA applied handcuffs to SETTRINI's wrists in a manner that was excessively tight under the circumstances. Even though SETTRINI asked the officers to loosen the handcuffs and informed them that it felt like the handcuffs were ripping the muscles in his shoulders, the officers did not loosen the handcuffs until much time had passed.

Under clearly established law, this is a Fourth Amendment violation, and the remaining factual disputes must go "to the jury." *LaLonde v. Cty. of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000); *Palmer v. Sanderson,* 9 F.3d 1433 (9th Cir. 1993); *Hansen v. Black,* 885 F.2d 642 (9th Cir. 1989).

Second, even assuming that the arrest of SETTRINI was itself was justified by probable cause, it was clearly established that officers were not entitled to beat a downed suspect who is no longer resisting, even if he had refused to be handcuffed before the takedown. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 480–81 (9th Cir. 2007). Plaintiff SETTRINI's evidence establishes that DUNCAN and QUINTANTILLA tackled SETTRINI and slammed him to the ground. Defendants then began beating SETTRINI severely using punches, kicks, knees, and baton strikes, all while continuing to shout "stop resisting!" SETTRINI did not strike, attempt to strike, threaten to strike, grab, pull, choke, or otherwise "resist" Defendants at that point. Nor did SETTRINI reach for his front or rear waistband, attempt to hide his hands under his body, or otherwise appear to produce a weapon.

The Ninth Circuit has repeatedly held that beating of such an arrestee constitutes excessive force under the Fourth Amendment which cannot be justified as "distraction" strikes. *Blankenhorn*, 485 F.3d at 480–81; *Briceno v. Williams*, __F. Appx__ (9th Cir. May 20, 2022); *Myers v. City of Hermosa Beach*, 299 F. App'x 744, 746 (9th Cir. 2008); *Orr v. Brame*, 727 F. App'x 265, 267 (9th Cir. 2018).

Thus, plaintiff's evidence establishes that Defendants DUNCAN and QUINTANILLA used excessive force upon Plaintiff SETTRINI in violation of clearly established law.

### B. Plaintiff's California State Law Claim for Violation of Cal. Civil Code § 52.1, the Bane Act, is Properly Shown in this Case.

Cal. Civil Code § 52.1 provides a cause of action for violations of plaintiffs' state or federal civil rights committed using "threats, intimidation, or coercion." Cal. Civ. Code § 52.1. The Ninth Circuit has clarified that "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-1106 (9th Cir. 2014) (citing *Cameron v. Craig,* 713 F.3d 1012, 1022 (9th Cir.2013) ["The elements of the excessive force claim under § 52 1 are the same as under § 1983"]; *Bender v. Cnty. of L.A.,* 217 Cal.App.4th 968 (2013)). *Reese v. County of Sacramento,* 888 F.3d 1030, 1043 (9th Cir. 2018) specified that claims under § 52.1 require proof of Defendants' "specific intent" to use force that is "more than necessary under the circumstances." However, "it is not necessary for the defendants to have been thinking in constitutional *or legal terms . . .* , because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese,* 888 F.3d at 1045 (quotation marks omitted).

Here, as explained above, defendants used excessive force upon plaintiff

Winston Settrini. Thus, plaintiffs may maintain a Bane Act claim against said police officer defendants in this action.

### C. Plaintiff's California State Law Claim for Battery is Properly Shown in this Case.

The essential elements of battery under California law are:

> (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching."

*So v. Shin*, 212 Cal.App.4th 652, 669 (2013).

"[T]he reasonableness standard for a claim of [California] state law battery by a peace officer is the same as the Fourth Amendment reasonableness standard for excessive force claims." *Olvera v. City of Modesto*, 38 F.Supp.3d 1162, 1181 (E.D. Cal. 2014) (citing *Yount v. City of Sacramento,* 43 Cal.4th 885, 902 (2008) [common law battery claim, like section 1983 claim, requires proof of unreasonable force by officer]).

Here, as explained above, defendants used excessive force upon plaintiff Winston Settrini. These facts are sufficient to show plaintiff's battery claims under California law.

### D. Plaintiff's California State Law Claim for Assault is Properly Shown in this Case.

**In California the elements of civil assault are:**

1) That defendant(s) acted, intending to cause harmful or offensive contact with the plaintiff:

2) That the plaintiff reasonably believed that he was about to be touched in a harmful or an offensive manner;

[or]

That the defendant(s) threatened to touch the plaintiff in

a harmful or an offensive manner, and that it reasonably appeared to the plaintiff that the defendants was about to carry out the threat;

3) That the plaintiff did not consent to the defendant(s)' conduct;

4) That the plaintiff was harmed; and

5) That the defendant(s)' conduct was a substantial factor in causing the plaintiff's harm.

CACI 1301. Assault - Essential Factual Elements, *See, So v. Shin,* 212 Cal.App.4th 652, 668−669 (2013); *Plotnik v. Meihaus* 208 Cal.App.4th 1590 (2012); *Lowry v. Standard Oil Co. of California*, 63 Cal.App.2d 1 (1944).

Plaintiff has shown that by him being chased, tackled and beaten by the defendant officers, he properly brings at claim for assault under California state law.

## II. PLAINTIFF'S CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS SUFFICIENTLY SHOWN IN THIS CASE.

### A. Elements of the Tort of Intentional Infliction of Emotional Distress.

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009) (citing *Potter v. Firestone Tire Rubber Co.*, 6 Cal.4th 965, 1001 (1993)). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' " *Id*. The Ninth Circuit has held that an officer's "use of excessive force [may constitute] outrageous conduct" for

purposes of an intentional infliction of emotional distress claim. *Blankenhorn v. City of Orange*, 485 F.3d 463, 487 n.17 (9th Cir. 2007).

Here, Defendants have argued that their actions in severely beating Plaintiff SETTRINI were "not outrageous as a matter of law." However, as explained above, Plaintiff's evidence is sufficient to maintain a Fourth Amendment excessive force claim. The Ninth Circuit has already held that uses of excessive force under the Fourth Amendment are sufficiently "outrageous" for purposes of a California IIED claim. *Blankenhorn*, 485 F.3d at 487 n.17. In *Blankenhorn*, as here, the defendant officers asserted that their uses of excessive force were justified as "distraction" blows, which were subject to statutory immunities. *Id*. The Ninth Circuit disagreed, and this Court should as well. Even if "distraction blows" could circumvent laws governing use of force, they would not pass muster in this case. SETTRINI sustained numerous physical injuries from defendants' use of force in this case, including cuts / abrasion, and bruises to his face and body. SETTRINI's entire body hurt following the incident, as though he had been in a car wreck. SETTRINI sustained a fractured orbital bone, i.e., a broken eye socket. He still feels pain from this injury. SETTRINI also sustained a concussion which caused him to feel off balance for some time following the incident. SETTRINI continues to feel pain from his injuries, especially in his eye socket, back, shoulders, and ribs. He also feels traumatized as a result of the incident described above. He no longer feels safe when dealing with police officers. Whatever a "distraction blow" is, Defendants' uses of force in this case clearly exceed that purpose under California or federal law. *See Burns v. City of Redwood City*, 737 F. Supp. 2d 1047, 1067 (N.D. Cal. 2010) (citing *Blankenhorn*, 485 F.3d at 487–88, *Price v. County of San Diego*, 990 F.Supp. 1230, 1244 (S.D.Cal.1998) and *Martinez v. County of Los Angeles*, 47 Cal.App.4th 334, 349 (1996)) (Pen. Code §

835a and Cal. Gov. Tort Claims Act immunities "plainly do not apply, however, to officers who use unreasonable force in effecting an arrest").

### III. LEGAL CONCLUSION.

This is a straight-up "beat em up and take em to jail case." It's a fairly straightforward Fourth Amendment excessive force and case, with associated state law torts.

When plaintiff SETTRINI was asked in his deposition why he continued to run from the policer after he fell in the alley and turned around and saw that it was a police officer chasing after him, he made the profound statement that if you run from the police, they are going to beat you up.

Accordingly, when he realized that the police were chasing him, he decided to keeping running in an attempt to avoid the beating that was coming; a beating that he suffered when the police finally caught up to him. Mr. Settrini was right.

Respectfully submitted,

Dated: June 29, 2023

__/s/_ *Jerry L. Steering*_____
JERRY L. STEERING, ATTORNET FOR
PLAINTIFF WINSTON SETTRINI

# PROOF OF SERVICE

I declare that I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 4063 Birch Street, Suite 100, Newport Beach, California 92660.

On June 29, 2023, I served:

PLAINITFF'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

      Jacqueline J. McQuarrie
      Chief Deputy City Attorney
      San Diego City Attorney's Office
      1200 Third Avenue, Suite 1100
      San Diego, California 92101-4100

( ) BY MAIL: I placed each sealed envelope with postage there prepaid, for collection and mailing at Newport Beach, California, following ordinary business practices. I am readily familiar with the practice that in the ordinary course of business, correspondence is deposited in the United Stated Postal Service the same day as it is placed for processing.

(X) BY E-MAIL AND EFILING: JMcQuarrie@sandiego.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This the 29th day of June, 2023, at Newport Beach, California.

                                          _____/s/ Alexandria Coyhis_____
                                              Alexandria Coyhis