1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

11    WINSTON DURRELL SETTRINI,            Case No.:  3:20-cv-02273-RBM-BGS
12                              Plaintiff,
                                           **ORDER GRANTING IN PART AND**
13    v.                                   **DENYING IN PART DEFENDANTS'**
                                           **MOTION IN LIMINE NO. 1 TO**
14    CITY OF SAN DIEGO, et al.,           **LIMIT OR EXCLUDE CERTAIN**
                                           **OPINIONS BY PLAINTIFF'S**
15                              Defendants. **EXPERT, ROGER A. CLARK**
16
17                                         **[Doc. 62]**
18

19        Presently before the Court is Defendants' motion *in limine* No. 1 to limit or exclude

20  certain opinions by Plaintiff's expert, Roger A. Clark ("Motion *in limine* No. 1").  (Doc.

21  62.)  Plaintiff filed a memorandum of points and authorities in opposition to Defendants'

22  Motion *in limine* No. 1 ("Opposition").  (Doc. 70.)  The Court takes the matter under

23  submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

24        For the reasons discussed below, Defendants' Motion is **<u>GRANTED IN PART</u>** and

25  **<u>DENIED IN PART</u>**.

26                          **I.      BACKGROUND**

27        On July 21, 2019, Plaintiff and a friend met at a mutual friend's house at

28  approximately 9:00 p.m. and made plans to go "out on the town." (Doc. 37, Joint Statement

                                    1

of Disputed and Undisputed Facts ("SOF") at 1.)  Plaintiff and his friend left the mutual friend's home and went to a bar called The Office, in the North Park neighborhood of San Diego.  (*Id.* at 2.)  After exiting the bar, Plaintiff saw an unknown male and an unknown female engaged in an altercation across the street.  (*Id.*)  Plaintiff approached the couple to break up the altercation.  (*Id.*)  Plaintiff was then "punched in the face by the unknown male with such force that it 'rung [Plaintiff's] bell,' causing Plaintiff to stumble backwards and fall to the ground on his rear-end."  (*Id.*)

At that time, Defendants Duncan and Quintanilla, police officers employed by the City of San Diego, were on patrol.  (*Id.*)  The officers were in full uniform and were driving in a marked police vehicle.  (*Id.*)  Defendants Duncan and Quintanilla were driving north on 30th Street, approaching University Avenue in the North Park neighborhood of San Diego, when they saw several people congregated in the middle of the street intersection.  (*Id.*)

Plaintiff approached a group of people on the southeast corner of 30th Street and University Avenue.  (*Id.*)  Defendant Duncan observed one of the bystanders point at Plaintiff, and the bystander said, "This guy right here, get him!"  (*Id.*)  Defendant Duncan attempted to detain Plaintiff by grabbing the back of Plaintiff's arm.  (*Id.*)  Plaintiff pulled away from Defendant Duncan and began running eastbound on University Avenue.  (*Id.*)

Defendant Duncan began chasing after Plaintiff on foot and yelled out to Plaintiff to "Come here Mother Fucker."  (*Id.*)  Defendant Quintanilla got into the police car and followed Defendant Duncan's foot pursuit of Plaintiff.  (*Id.*)  Plaintiff continued to run eastbound on University Avenue for approximately one block before turning southbound on Ray Street.  Plaintiff then turned into an alleyway with Defendant Duncan still in pursuit.  (*Id.* at 2–3.)

Upon observing Plaintiff and Defendant Duncan enter the alleyway, Defendant Quintanilla got out of his police car and ran toward Plaintiff and Defendant Duncan in the alleyway.  (*Id.* at 3.)  As Plaintiff was running into the alley, he fell, looked back, and saw that he was being pursued by a police officer.  (*Id.*)  Officer Quintanilla caught up to

Plaintiff, grabbed him, and pulled Plaintiff to the ground.  (*Id.*)  Plaintiff came to rest on his back, and Defendant Quintanilla delivered two knee strikes to Plaintiff's torso.  (*Id.*)  The officers then arrested Plaintiff and took him first to the hospital, and then to jail.  (*Id.*)

## II.  DISCUSSION

I.  <u>Plaintiff's Expert's Categories of Testimony Not Covered in Expert Report</u>

Defendants seek to preclude Plaintiff's proffered police practices expert, Roger Clark, from offering the following opinions, most of which Plaintiff's Counsel noticed in Plaintiff's Rule 26 Retained and Non-Retained Expert Witness Disclosures, but that Defendants assert were not covered in Mr. Clark's Rule 26 report:

1.  Any force used by either officer prior to all parties being on the ground;

2.  Officer Quintanilla's knee strikes to Plaintiff;

3.  That the officers' actions were inconsistent with the policies and procedures of the San Diego Police Department;

4.  The officers' use of handcuffs on Plaintiff;

5.  The officers' use of body worn cameras or how any videos were edited;

6.  How California peace officers abuse "resistance offense statutes" and make comments like "quit resisting" and "stop fighting" to create a false impression that the person being arrested is doing something unlawful; and

7.  That the Defendant police officers' police reports fell below standards and how they attempted to falsely and maliciously procure the purportedly bogus criminal prosecution of the Plaintiff via their purportedly "bogus police report."

Plaintiff does not appear to respond directly to Defendants' claim that Mr. Clark failed to provide the opinions above in his Rule 26 report.  (*See* Doc. 70.)

Under Federal Rule of Civil Procedure 26(a)(2)(A) and (B), a party must disclose the identify of any expert witness it may use at trial and such disclosure must be accompanied by a written report from the expert.  In relevant part, that report must contain (i) "a complete statement of all opinions the witness will express and the basis and reasons

3

for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them[.]"  Fed. R. Civ. P. 26(a)(2)(B). Under Federal Rule of Civil Procedure 26(e)(2), a party's duty to supplement extends to any information in an expert's written report or information given during the expert's deposition; any additions or changes must be disclosed by the time the parties' pretrial disclosures are due.  Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information required by Rule 26(a) or (e), the party cannot use that information or witness to supply evidence at trial, unless the failure was substantially justified or harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless."  *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS(MDD), 2017 WL 3335736, at *6 (S.D. Cal. Aug. 4, 2017) (quoting *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012)).

In his report, Mr. Clark did offer an opinion regarding whether Defendant Quintanilla's knee strikes to Plaintiff were justified.  (*See id.* at 8, 16–18.)  However, Mr. Clark offered no opinion in his report regarding whether Defendant Duncan's withdrawing of, or any use of a collapsible baton, was reasonable under relevant police policies or procedures.  Mr. Clark did not offer opinions regarding whether the Defendant Officers' actions were inconsistent with the policies and procedures of the San Diego Police Department.  Nor did Mr. Clark address the Defendant Officers' use of handcuffs on Plaintiff or the Defendant Officers' use of body worn cameras or how any videos were edited.  Mr. Clark also did not offer opinions regarding California peace officers' abuse of resistance offense statutes, peace officers falsely commenting that individuals are resisting or fighting, or any attempt by the Defendant Officers to falsely and maliciously procure a purportedly bogus prosecution of Plaintiff via a purportedly bogus police report.  Plaintiff

4

provides no argument concerning whether his failure to disclose these opinions through Mr. Clark's Rule 26 report is substantially justified or harmless.  (*See* Doc. 70.)

In the Amended Scheduling Order, pre-trial disclosures were due on June 29, 2023. (*See* Doc. 44 ¶ 4.)  Plaintiff's pre-trial disclosures did not seek to supplement Mr. Clark's Rule 26 report.  (*See* Doc. 51.)  Thus, the Court finds Plaintiff's failure to disclose is not substantially justified.  Nor is it harmless.  Defendants must know the basis, data, facts, and the principles and methods an expert relied on in forming an opinion to properly defend against that opinion at trial.  And trial in this case is imminent, set to begin on August 28, 2023, which provides even more justification as to why the error is not harmless.

Accordingly, under Federal Rules of Civil Procedure 26(a), (e), and 37(c)(1), the Court **GRANTS** Plaintiff's Motion *in limine* No. 1 with respect to opinions 1, 3, 4, 5, 6, and 7 above and **PRECLUDES** those opinions.  The Court **DENIES** Plaintiff's Motion *in limine* No. 1 with respect to opinion 2 above.

II.   Certain Opinions in Plaintiff's Expert's Report

Defendants seek to preclude Mr. Clark from offering the following opinions from his Rule 26 report:

1.   "Mr. Settrini, having committed no crime in the presence of the Officers" (Doc. 62 (Ex. 1) at 6);

2.   "Despite having seen no weapons, or any crime committed by Mr. Settrini" (*Id.* at 8);

3.   "As a result of their actions, Mr. Settrini sustained injuries to his face, head, ribs, arms, and sustained a fractured orbital bone." (*Id.*);

4.   "I am very concerned at the significant injuries sustained by Mr. Settrini (including a fractured orbital bone)." (*Id.* at 13);

5.   "I am very concerned at the significant number of injurious blows inflicted on Mr. Settrini." (*Id.* at 17);

6.   "In my opinion, with multiple (at least 2) Officers present, and Mr. Settrini on the ground, no Officer's life was in danger; therefore, any blows to Mr.

5

Settrini's head and body were out of policy." (*Id.* at 12);

7.    "The officers reported that Mr. Settrini sustained the facial injuries during a previous fight, and that they saw that Mr. Settrini was "bloodied" when they arrived.  However, if that was the case, per the training, Officer Duncan would have immediately asked Mr. Settrini if he needed medical assistance before he reached out and grabbed Mr. Settrini.  Rather it is more likely that Mr. Settrini sustained the injuries when he was tackled and hit in the face and head by Officers Duncan and Quintanilla." (*Id.* at 8–9);

8.    After being tackled to the ground, it should have been clear to the Defendant Officers that Mr. Settrini was not a threat to them" (*Id.* at 18);

9.    "Officer Duncan used excessive force [. . .] Any use of force after Mr. Settrini's was taken to the ground was contrary to policy and law (as taught by POST)" (*Id.* at 16); and

10.    Defendant Officers "failed in their duty to intervene and/or stop the unnecessary and excessive force inflicted on Mr. Settrini" (*Id.* at 16.)

The Court will consider these opinions in categories depending on the nature of Defendants' challenges as to each.

### a. Opinions 1 and 2

Defendants challenge opinions 1 and 2 above as irrelevant under Federal Rule of Evidence 402 and that, even if relevant, under Federal Rule of Evidence 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice or confusing the issues.

The primary questions before the jury concern the reasonableness of the force Defendants employed in arresting Plaintiff, and for the state law claims, if the force is deemed unreasonable, whether Defendants engaged in such force intentionally.  The jury is not to address questions for which this Court has granted summary judgment.

In the context of Mr. Clark's report, both opinions 1 and 2 pertain to Defendants purportedly not seeing Plaintiff commit any crime in their presence *after* Plaintiff began

fleeing Defendants.  (*See* Doc. 62 (Ex. 1) at 6, 8.)  This Court previously granted Defendants' partial motion for summary judgment with respect to Plaintiff's claims of false arrest/false imprisonment and unlawful seizure in violation of 42 U.S.C. § 1983.  (*See* Doc. 42 at 6–11.)  In particular, the Court concluded that Defendants had reasonable suspicion to detain Plaintiff for investigatory purposes and probable cause to arrest Plaintiff for a violation of California Penal Code § 148(a)(1) after he fled, causing Defendants to engage in a foot chase of Plaintiff.  (*See id.* at 8–10.)  Because opinions 1 and 2 concern Plaintiff's conduct after fleeing Defendants, those opinions squarely concern issues resolved by this Court on summary judgment.

Accordingly, in light of this Court's prior ruling, the Court finds that the portions of opinions 1 and 2 concerning Plaintiff committing no crime in the presence of officers is irrelevant and any purported probative value is substantially outweighed by the danger of confusing the issues before the jury.  *See Kolay Flooring Int'l, LLC v. Fuente*, No. 818CV00108JLSJDE, 2021 WL 4702429, at *2 (C.D. Cal. Sept. 10, 2021) (excluding expert's opinions regarding claims no longer at issue at trial because they were irrelevant and excluding other opinions because the evidence's minimal probative value was substantially outweighed by the dangers of misleading the jury, confusing the issues, and wasting time).  However, Mr. Clark's statement regarding Defendants not seeing weapons in opinion 2 is proper.

### a.  Opinions 3, 4, 5, 7 and 8

Defendants challenge Mr. Clark's opinions 3, 4, and 5 as improperly attributing causation of Plaintiff's injuries to Defendants.  (*See* Doc. 62 at 5–6.)  Defendants argue that assessing such causation is outside of Mr. Clark's potential expertise in police practices and use of force, and the lacks sufficient basis in fact or data and reliable principles and methods under Federal Rule of Evidence 702.  (*See id.*)  Plaintiff concedes that Mr. Clark is not a medical expert.  (*See* Doc. 70 at 10.)  Defendants also challenge Mr. Clark's opinions 7 and 8 as impermissibly weighing the evidence, credibility, and drawing factual inferences in the province of the jury.  (*See id.* at 6–7.)

Under Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise" but only if: (a) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue", (b) "the testimony is based on sufficient facts or data", (c) "the testimony is the product of reliable principles and methods", and (d) "the expert has reliably applied the principles and methods to the facts of the case."

In Plaintiff's Rule 26 Retained and Non-Retained Expert Witness Disclosures, he seeks to proffer Mr. Clark as an expert in police procedures and practices, yet Plaintiff makes no mention of any expertise of Mr. Clark in assessing the causation of Plaintiff's injuries. (*See* Doc. 62-1 (Ex. 1) at 1–3.) Indeed, Plaintiff concedes Mr. Clark is not a medical expert. (*See* Doc. 70 at 10.) Accordingly, Mr. Clark's attributing causation to Defendants in opinion 3, specifically the phrase "[a]s a result of their actions," is an improper expert opinion outside of the scope of Mr. Clark's proffered expertise. In any event, Mr. Clark's opinion as to causation does not appear to be based on any specialized knowledge, sufficient facts and data, or reliable principles and methods under Federal Rule of Evidence 702. *See LeBlanc v. City of Los Angeles*, No. CV 04-8250 SVW VBKX, 2006 WL 4752614, at *9 (C.D. Cal. Aug. 16, 2006) ("Roger Clark is not a medical expert qualified to render a cause-of-death opinion.").

The Court finds that Mr. Clark's opinion 4 is improper for the reasons discussed above concerning causation. In the context of Mr. Clark's report, opinion 4 implicitly attributes Plaintiff's injuries to Defendant Officers. (*See* Doc. 62-1 at 12–13.) Specifically, after asserting Defendants' use of force was "out of policy", Mr. Clark indicates that "[*a*]*ccordingly*, I am very concerned at the significant injuries sustained by Mr. Settrini (including a fractured orbital bone)" (emphasis added). However, Mr. Clark's opinion 5 is proper as it is clear from his report that Mr. Clark is expressing concern "at the significant number of injurious blows infl[i]cted on Mr. Settrini (as testified by the Defendant Officers)" within the context of Defendants' Peace Officer Standards and Training

8

("POST").  (*See* Doc. 62-1 at 17.)  In other words, it is within Mr. Clark's proffered expertise as a police procedures and practices expert to evaluate whether the amount of force used and conceded to by Defendants is consistent with police procedures and practices, including POST.

The Court finds that Mr. Clark's opinion 7 contains both proper and improper opinions.  Mr. Clark's opinion regarding Defendant Duncan's not asking Plaintiff if he needed medical assistance after seeing he was "bloodied" upon arrival is proper as it concerns police procedures and practices.  However, Mr. Clark's opinion that it is "more likely" that Plaintiff sustained his injuries from Defendants' conduct is improper causation testimony for the reasons discussed above.  The Court finds that Mr. Clark's opinion 8 is proper because, in the context of his report, his opinion that Defendants should have known Plaintiff was not a threat to them after tackling Plaintiff to the ground, and that a different approach other than force should have been used, concerns police procedures and practices.

### b.  Opinion 6

Defendants challenge Mr. Clark's opinion 6 as irrelevant and without a proper foundational basis.  (*See* Doc. 62 at 6.)  Specifically, Defendants argue that Mr. Clark's opinion is irrelevant because he quotes a 2013 DOJ correspondence from an investigation of the Los Angeles County Sheriff's Department Stations in Antelope Valley, which concerns that police department's field operations manual's policy regarding hits to an individual's head and the DOJ's conclusion that the Los Angeles County Sheriff's Department engaged in a "pattern of head and face strikes against handcuffed individuals" that was "unreasonable under the Fourth Amendment."  (*See id.*; Doc. 62-1 (Ex. 1) at 12–13.)  The Court concludes that Mr. Clark's opinion 6 is irrelevant because it concerns the policies of another police department, not the San Diego Police Department at issue, and concerns a specific pattern of that other department that Mr. Clark has not opined occurred in the San Diego Police Department.  Additionally, this Court has already dismissed Plaintiff's *Monell* claim for failure to put forward any evidence that any failure to train Defendants amounted to a deliberate indifference to the rights of persons with whom the

police come into contact or that the Defendants engaged in a longstanding custom or practice of using excessive force.  (*See* Doc. 42 at 14–17.)

### a. Opinions 9 and 10

Defendants argue that Mr. Clark's opinions 9 and 10 are improper legal conclusions. (*See* Doc. 62 at 7–8.)  Plaintiff responds that Defendants' police procedures expert Jeffrey Martin renders similar conclusions regarding Defendants acting consistently with trained and reasonable peace officers.  (*See* Doc. 70 at 5–6.)[1]

Under Federal Rule of Evidence 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue."  However, an "expert witness cannot give an opinion as to [his] *legal conclusion*, i.e., an opinion in an ultimate issue of law."  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal quotation marks and citations omitted).  Mr. Clark's opinions that Defendants' use of force was "excessive" is an improper legal conclusion.  *See Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015) (finding Roger Clark's opinion regarding use of force as "excessive" constituted an impermissible legal conclusion that should be explored only through "hypothetical questioning so as to avoid invading the province of the jury.").  However, Mr. Clark's opinion that Defendants' use of force after Plaintiff was taken to the ground was "contrary to policy and law (as taught by POST)" is proper.  (*See* Doc. 62-1 at 16.) The Parties are cautioned to avoid any expert testimony addressing legal conclusions directly, including the reasonableness and/or unreasonableness of Defendants' conduct.

---

[1] Plaintiff's broader argument is that Defendants' Motion *in limine* No. 1 is hypocritical given that Defendants' expert Jeffrey Martin provides expert opinions concerning the reasonableness of Defendants' actions and use of force.  (*See* Doc. 70 at 5–6.)  The Court addresses that argument in relation to opinions 9 and 10 because Mr. Martin's opinions that Plaintiff points to concern the question of whether Mr. Martin rendered legal conclusions.  However, the Court notes that Plaintiff does not point to any authority or case law concerning his hypocrisy argument and does not seek to exclude Mr. Martin's opinions.  (*See* Doc. 70.)  Accordingly, the Court has otherwise addressed the propriety of Mr. Clark's opinions based on Defendants' specific challenges.

The Court will consider any such objection if such testimony arises.

Lastly, Mr. Clark's statement in opinion 10 that Defendants "failed in their duty to intervene" is irrelevant as Plaintiff asserts no failure in duty to intervene claim in his First Amended Complaint.  (*See* Doc. 14.)

### III.   CONCLUSION

In light of the foregoing, Defendants' Motion *in limine* No. 1 (Doc. 62) is **<u>GRANTED IN PART AND DENIED IN PART</u>** as follows:

<u>Categories of Testimony Not in Expert Report</u>

1.     Opinions 1, 3, 4, 5, 6, and 7 are **<u>precluded</u>**.

2.     Opinion 2 is **<u>not precluded</u>**.

<u>Certain Opinions in Expert Report</u>

1.     Opinion 1 is **<u>precluded</u>**.

2.     Opinion 2 is **<u>precluded in part</u>** only regarding reference to Plaintiff committing no crime.

3.     Opinion 3 is **<u>precluded in part</u>** only concerning the cause of Plaintiff's injuries.

4.     Opinion 4 is **<u>precluded</u>**.

5.     Opinion 5 is **<u>not precluded</u>**.

6.     Opinion 6 is **<u>precluded</u>**.

7.     Opinion 7 is **<u>precluded in part</u>** only concerning the cause of Plaintiff's injuries.

8.     Opinion 8 is **<u>not precluded</u>**.

9.     Opinion 9 is **<u>precluded in part</u>** only regarding reference to legal conclusions.

10.    Opinion 10 is **<u>precluded</u>**.

///
///
///
///

11

1          **IT IS SO ORDERED**.

2     DATE:  August 25, 2023

3                                                   _____

4                                                   HON. RUTH BERMUDEZ MONTENEGRO

5                                                   UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28