# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON DURRELL SETTRINI,<br><br>                                Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                Defendants. | Case No.: 3:20-cv-02273-RBM-BGS<br><br>**ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF CRIMINAL ARRESTS AND HISTORY**<br><br>**[Doc. 63]** |

Presently before the Court is Defendants' motion *in limine* No. 2 to admit evidence of criminal arrests and history ("Motion *in limine* No. 2"). (Doc. 63.) Plaintiff filed a memorandum of points and authorities in opposition to Defendants' Motion *in limine* No. 2 ("Opposition"). (Doc. 71.)

In Defendants' Motion *in limine* No. 2, Defendants seek to admit Plaintiff's prior criminal history, including: (1) a 2010 conviction for driving under the influence ("DUI") where Plaintiff received five years of probation and multiple warrants were issued for Plaintiff's violating probation; (2)  a 2011 conviction for DUI, driving with a suspended license, and driving without a license where Plaintiff received a 34-day jail sentence, five years of probation, and had multiple warrants issued for probation violations; and (3) five arrests from 2010 to 2019, including an incident two months before the instant case where

1  Plaintiff was arrested for allegedly disrupting a police investigation while intoxicated in
2  the Gaslamp district.  (*See* Doc. 63 at 2–3.)  Defendants argue Plaintiff's criminal arrest
3  and conviction history should be admitted (1) under Federal Rule of Evidence 404(b)(2)
4  because it tends to prove Plaintiff's motive to flee and resist arrest and (2) under Federal
5  Rule of Evidence 401 because it is relevant to assessing the cause and extent of Plaintiff's
6  asserted damages due to emotional distress.  (*See id.* at 3–5.)  Defendants also assert
7  Plaintiff's criminal arrest and conviction history is not barred by Federal Rule of Evidence
8  403.  (*See id.* at 6.)

9  The Court takes the matter under submission without oral argument pursuant to Civil
10 Local Rule 7.1(d)(1).

11 For the reasons discussed below, Defendants' Motion *in limine* No. 2 is **DENIED**.

## I.  BACKGROUND

On July 21, 2019, Plaintiff and a friend met at a mutual friend's house at approximately 9:00 p.m. and made plans to go "out on the town." (Doc. 37, Joint Statement of Disputed and Undisputed Facts ("SOF") at 1.)  Plaintiff and his friend left the mutual friend's home and went to a bar called The Office, in the North Park neighborhood of San Diego.  (*Id.* at 2.)  After exiting the bar, Plaintiff saw an unknown male and an unknown female engaged in an altercation across the street.  (*Id.*)  Plaintiff approached the couple to break up the altercation.  (*Id.*)  Plaintiff was then "punched in the face by the unknown male with such force that it 'rung [Plaintiff's] bell,' causing Plaintiff to stumble backwards and fall to the ground on his rear-end."  (*Id.*)

At that time, Defendants Duncan and Quintanilla, police officers employed by the City of San Diego, were on patrol.  (*Id.*)  The officers were in full uniform and were driving in a marked police vehicle.  (*Id.*)  Defendants Duncan and Quintanilla were driving north on 30th Street, approaching University Avenue in the North Park neighborhood of San Diego, when they saw several people congregated in the middle of the street intersection. (*Id.*)

Plaintiff approached a group of people on the southeast corner of 30th Street and

University Avenue. (*Id.*) Defendant Duncan observed one of the bystanders point at Plaintiff, and the bystander said, "This guy right here, get him!" (*Id.*) Defendant Duncan attempted to detain Plaintiff by grabbing the back of Plaintiff's arm. (*Id.*) Plaintiff pulled away from Defendant Duncan and began running eastbound on University Avenue. (*Id.*)

Defendant Duncan began chasing after Plaintiff on foot and yelled out to Plaintiff to "Come here Mother Fucker." (*Id.*) Defendant Quintanilla got into the police car and followed Defendant Duncan's foot pursuit of Plaintiff. (*Id.*) Plaintiff continued to run eastbound on University Avenue for approximately one block before turning southbound on Ray Street. Plaintiff then turned into an alleyway with Defendant Duncan still in pursuit. (*Id.* at 2–3.)

Upon observing Plaintiff and Defendant Duncan enter the alleyway, Defendant Quintanilla got out of his police car and ran toward Plaintiff and Defendant Duncan in the alleyway. (*Id.* at 3.) As Plaintiff was running into the alley, he fell, looked back, and saw that he was being pursued by a police officer. (*Id.*) Officer Quintanilla caught up to Plaintiff, grabbed him, and pulled Plaintiff to the ground. (*Id.*) Plaintiff came to rest on his back, and Defendant Quintanilla delivered two knee strikes to Plaintiff's torso. (*Id.*) The officers then arrested Plaintiff and took him first to the hospital, and then to jail. (*Id.*)

## II.     DISCUSSION

I.     <u>Other Bad Acts</u>

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." "The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) (internal quotation marks and citations omitted).

However, under Federal Rule of Evidence 404(b)(2), such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake, or lack of accident." "The use of evidence pursuant to this rule 'must be narrowly circumscribed and limited' and 'may not be introduced unless the government establishes its relevance to an actual issue in the case.'" *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993) (quoting *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985) (internal quotation omitted)).

In considering the admission of evidence under Rule 404(b)(2), the Ninth Circuit requires that "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020) (internal citations omitted).

Defendants argue that Plaintiff's prior arrests and convictions tend to prove that he had a motive to resist arrest during the instant case because he did not want to face harsher penalties from a subsequent arrest and conviction. (*See* Doc. 63 at 3–5.) Plaintiff argues that, in civil excessive force cases, federal courts typically exclude evidence of a civil plaintiff's prior arrests as impermissible character evidence. (*See* Doc. 71 at 5.)

The Ninth Circuit has not squarely addressed the admission of a plaintiff's criminal arrest and conviction history under Rule 404(b)(2) to prove a motive to resist arrest. However, in *Brown v. Grinder*, Case No. 2:13-cv-01007-KJM-KJN, 2019 WL 2337107 (E.D. Cal. June 3, 2019), an excessive force case, a district court excluded evidence of the plaintiff's criminal history, a toxicology report, and the illicit drugs found in his car. *Id.* at *2–3. Like the Defendants here, the defendants there argued this evidence showed a motive to violently resist arrest and attempt to flee. *See id.* The district court reasoned that, beyond the fact that the defendant officers were unaware of these items when they shot the plaintiff, the defendant officers' argument rested on "speculation that a suspect who knows he is in possession of illicit drugs, used drugs in the past, committed crimes in the past or has tattoos that may be identified as gang tattoos has a motive to violently resist arrest." *Id.* at *3. The district court also found that the probative value of the evidence in assessing Plaintiff's motive to violently resist arrest was substantially outweighed by the

4

danger of unfair prejudice under Rule 403. *Id.*

In *Monroe v. Town of Haverstraw*, No. 20-cv-10944 (PMH), 2022 WL 16751919 (S.D.N.Y. Nov. 7, 2022), an excessive force case, a district court considered whether to admit the plaintiff's prior convictions under Rule 404(b)(2) as proof of the plaintiff's intent or motive to resist arrest. *Id.* at *2. The district court reasoned that the prior convictions were inadmissible for that purpose because the defendants failed to demonstrate "specific information in plaintiff's criminal record evincing an intent or motive to resist arrest, *such as an outstanding warrant at the time of the incident in question*." *Id.* (citing *Hartman v. Snelders*, No. 04-cv-01784 (CLP), 2010 WL 11626508, at *8 (E.D.N.Y. Jan. 28, 2010)) (emphasis added). The district court also found that the plaintiff's motive to resist arrest was not relevant to any claim or defense, as the issue at hand was whether the defendants used excessive force, and while the plaintiff's resistance was relevant to that question, the plaintiff's motivation for resisting was not. *Id.*

The Court concludes that Plaintiff's prior arrests and convictions are not admissible under Rule 404(b)(2) as evidence of motive to resist arrest because they do not tend to prove a material point at trial. In *Castro v. Cnty. of Los Angeles*, No. 2:13-cv-06631-CAS(SSx), 2015 WL 4694070, at *3 (C.D. Cal. Aug. 3, 2015), the district court excluded the plaintiff's prior criminal arrests and convictions as not relevant to the plaintiff's excessive force claim because the defendant officer was not aware of the plaintiff's criminal history at time of arrest. The district court also found such evidence was inadmissible character evidence because the plaintiff's flight was not disputed, so the plaintiff's motive to flee was not a fact of consequence in determining the reasonableness of the defendant officer's use of force. *Id.*

Here, Defendants do not allege that they were aware of Plaintiff's criminal history at the time of pursuit and arrest. (*See* Doc. 63.) Rather, Defendants effectively argue that every individual with a prior arrest or conviction has a motive to resist future arrest and that makes their criminal history admissible. Without more, such an inference is speculative. *See Monroe*, 2022 WL 16751919, at *2; *Brown*, 2019 WL 2337107, at *3.

5

1  Additionally, while a plaintiff's fleeing or resisting arrest is relevant to the reasonableness
2  of a police officer's use of force, a plaintiff's motivation for fleeing or resisting arrest is
3  not. *See Monroe*, 2022 WL 16751919, at *2.
4        In light of the Court's ruling that Plaintiff's criminal arrests and convictions do not
5  tend to prove a material point at trial, the Court need not address the remaining Rule
6  404(b)(2) factors.  The Court also concludes, under Rule 403, that the scant or minimal
7  probative value of Plaintiff's criminal arrest and conviction history is substantially
8  outweighed by the danger of unfair prejudice. *See Brown*, 2019 WL 2337107, at *3.
9  II.   <u>Damages</u>
10       Defendants argue that Plaintiff's criminal arrest and conviction history is relevant
11 under Federal Rule of Evidence 401 to his claim for damages due to emotional distress
12 because any purported emotional distress Plaintiff suffered may have been caused by a
13 prior arrest or conviction.  (*See* Doc. 63 at 5.)   Plaintiff does not directly address
14 Defendants' argument.  (*See* Doc. 71.)
15       The Court concludes that Plaintiff's criminal arrest and conviction history is relevant
16 to his claim for damages due to emotional distress. *See Knudsen v. Welsh*, 872 F.2d 428,
17 428 (9th Cir. 1989) (in false imprisonment and excessive force case, finding magistrate
18 judge did not abuse their discretion in admitting plaintiff's prior arrests and contacts with
19 police with a limiting instruction that the evidence was relevant only to damages); *Peraza*
20 *v. Delameter*, 722 F.2d 1455, 1457 (9th Cir. 1984) (in excessive force case, finding trial
21 court did not abuse its discretion in admitting evidence of plaintiff's subsequent encounters
22 with police with a jury instruction limiting consideration of the evidence to damages).
23       However, the minimal probative value of this evidence is substantially outweighed
24 by the danger of unfair prejudice. *See Castro*, 2015 WL 4694070, at *4 (finding plaintiff's
25 prior periods of incarceration relevant to noneconomic damages, but any probative value
26 of the nature of the convictions leading to such periods of incarceration was substantially
27 outweighed by the danger of unfair prejudice); *Green v. Baca*, 226 F.R.D. 624, 657 (C.D.
28 Cal. 2005) (finding that, while periods of incarceration were relevant to damages, the

convictions leading to earlier incarceration were not and the prejudicial impact would substantially outweigh any probative value).  There is no indication in Plaintiff's criminal history that he previously experienced excessive force or unlawful arrest from police officers.  (*See* Doc. 63 at 3.)  Nor do Defendants contend that Plaintiff's criminal history involves similar facts to the case at hand such that any damages may have been caused by a similar incident.  (*See id.*)  *See Lucero v. Ettare*, No. 15-cv-02654-KAW, 2017 WL 11693747, at *2 (N.D. Cal. June 7, 2017) ("Even if there was any probative value [of Plaintiff's prior arrests], the probative value is minimal given the lack of similar facts between the prior arrests and the instant case, while the potential for unfair prejudice is significant as prior arrests may suggest to a jury that Plaintiff is a bad actor."); *Monroe v. Griffin*, No. 14-cv-00795-WHO, 2015 WL 5258115, at *2–3 (N.D. Cal. Sept. 9, 2015) (in false arrest and excessive force case, finding plaintiff's prior arrests not sufficiently similar enough to the arrest at issue to pass muster under Rule 403).  Thus, Plaintiff's prior arrests and convictions are not admissible under Rule 403 as relevant to causation or damages.

Plaintiff is advised that if he opens the door to evidence of his prior arrests or convictions, for example, by framing his emotional distress as encompassing a broader fear of law enforcement, Defendants may seek reconsideration of this motion, and the Court will reconsider this ruling and whether a limiting instruction would be appropriate.  *See Monroe*, 2015 WL 5258115, at *3 (warning plaintiff that opening the door to evidence of prior arrests by broadly framing emotional distress claim as defendants causing of all of plaintiff's issues could lead to reconsideration of ruling excluding such evidence).

## CONCLUSION

Accordingly, Defendants' Motion *in limine* No. 2 (Doc. 63) is **DENIED**.

**IT IS SO ORDERED**.

DATE:  August 25, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE