**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WINSTON DURRELL SETTRINI, | Case No.:  3:20-cv-02273-RBM-BGS |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DAMAGES RELATED TO PLAINTIFF'S LAWFUL ARREST** |
| CITY OF SAN DIEGO, et al., | |
| Defendants. | **[Doc. 64]** |

Presently before the Court is Defendants' motion *in limine* No. 3 to exclude evidence of damages related to Plaintiff's lawful arrest ("Motion *in limine* No. 3").  (Doc. 64.) Plaintiff filed a memorandum of points and authorities in opposition to Defendants' Motion *in limine* No. 3 ("Opposition").  (Doc. 72.)

In Defendants' Motion *in limine* No. 3, Defendants seek to exclude testimony, evidence, or arguments regarding damages from: (i) Plaintiff's time spent in custody after his lawful arrest, including the length of time, allegations of emotional distress, and any bail payments, (ii) Plaintiff's emotional distress related to a fear of prosecution, and (iii) evidence that charges were not filed against Plaintiff.  (*See* Doc. 64 at 1.)  Defendants argue that, in light of this Court's finding Defendants had probable cause to arrest Plaintiff, (*see*

1

Doc. 42 at 6–11), evidence related to Plaintiff's emotional distress deriving from his time spent in jail custody and the bail money he posted is irrelevant under Federal Rule of Evidence 402 and the probative value is substantially outweighed by danger of unfair prejudice or confusing the issues under Federal Rule of Evidence 403. (*See* Doc. 64 at 2–3.) Defendants also argue that testimony and evidence related to Plaintiff's emotional distress deriving from his fear of prosecution should be excluded under Federal Rule of Evidence 403. (*See* Doc. 64 at 3.) Specifically, Defendants assert that the prosecutor's decision not to file charges against Plaintiff has no bearing on this case where the Court previously ruled Defendants had probable cause to arrest Plaintiff and would "increase the risks of confusion and prejudice." (*See* Doc. 64 at 3–4.) In Plaintiff's Opposition, Plaintiff contends that he should be allowed to obtain damages concerning his length of time in custody and posting of bail. (*See* Doc. 72 at 6.) Plaintiff notes that this Court determined Defendants had probable cause to arrest Plaintiff for a misdemeanor violation of California Penal Code § 148(a)(1), (*see* Doc. 42 at 6–11), and that Defendants' declarations in support of their partial motion for summary judgment assert that they had probable cause to arrest Plaintiff for a violation of California Penal Code § 148(a)(1), (*see* Doc. 23-3, Declaration of Officer Anthony Duncan ¶ 15; Doc. 23-4, Declaration of Officer Connor Quintanilla ¶ 12). (*See* Doc. 72 at 5–6.) However, Plaintiff argues that because he was booked for a felony under California Penal Code § 69,[1] not a misdemeanor violation of California Penal Code § 148(a)(1), he was forced to remain in custody longer and to post bail, and he should thus be able to obtain damages for his arrest. (*See* Doc. 72 at 6.)

The Court takes the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

For the reasons discussed below, Defendants' Motion *in limine* No. 3 is **<u>GRANTED</u>**.

---

[1] Plaintiff also notes that Defendant Duncan authored a Probable Cause for Warrantless Arrest Affidavit that kept Plaintiff in jail longer than he should have been and required the posting of bail. (*See* Doc. 72 at 6.)

# I.   BACKGROUND

On July 21, 2019, Plaintiff and a friend met at a mutual friend's house at approximately 9:00 p.m. and made plans to go "out on the town."  (Doc. 37, Joint Statement of Disputed and Undisputed Facts ("SOF") at 1.)  Plaintiff and his friend left the mutual friend's home and went to a bar called The Office, in the North Park neighborhood of San Diego.  (*Id.* at 2.)  After exiting the bar, Plaintiff saw an unknown male and an unknown female engaged in an altercation across the street.  (*Id.*)  Plaintiff approached the couple to break up the altercation.  (*Id.*)  Plaintiff was then "punched in the face by the unknown male with such force that it 'rung [Plaintiff's] bell,' causing Plaintiff to stumble backwards and fall to the ground on his rear-end."  (*Id.*)

At that time, Defendants Duncan and Quintanilla, police officers employed by the City of San Diego, were on patrol.  (*Id.*)  The officers were in full uniform and were driving in a marked police vehicle.  (*Id.*)  Defendants Duncan and Quintanilla were driving north on 30th Street, approaching University Avenue in the North Park neighborhood of San Diego, when they saw several people congregated in the middle of the street intersection.  (*Id.*)

Plaintiff approached a group of people on the southeast corner of 30th Street and University Avenue.  (*Id.*)  Defendant Duncan observed one of the bystanders point at Plaintiff, and the bystander said, "This guy right here, get him!"  (*Id.*)  Defendant Duncan attempted to detain Plaintiff by grabbing the back of Plaintiff's arm.  (*Id.*)  Plaintiff pulled away from Defendant Duncan and began running eastbound on University Avenue.  (*Id.*)

Defendant Duncan began chasing after Plaintiff on foot and yelled out to Plaintiff to "Come here Mother Fucker."  (*Id.*)  Defendant Quintanilla got into the police car and followed Defendant Duncan's foot pursuit of Plaintiff.  (*Id.*)  Plaintiff continued to run eastbound on University Avenue for approximately one block before turning southbound on Ray Street.  (*Id.*)  Plaintiff then turned into an alleyway with Defendant Duncan still in pursuit.  (*Id.* at 2–3.)

Upon observing Plaintiff and Defendant Duncan enter the alleyway, Defendant

3

Quintanilla got out of his police car and ran toward Plaintiff and Defendant Duncan in the alleyway. (*Id.* at 3.) As Plaintiff was running into the alley, he fell, looked back, and saw that he was being pursued by a police officer. (*Id.*) Officer Quintanilla caught up to Plaintiff, grabbed him, and pulled Plaintiff to the ground. (*Id.*) Plaintiff came to rest on his back, and Defendant Quintanilla delivered two knee strikes to Plaintiff's torso. (*Id.*) The officers then arrested Plaintiff and took him first to the hospital, and then to jail. (*Id.*)

## II.    DISCUSSION

I.    <u>Time Spent in Custody, Related Emotional Distress, and Posting of Bail</u>

Before addressing Defendants' evidentiary arguments, this Court must first resolve the question of whether a plaintiff, who was lawfully arrested for some crime, can obtain damages under an excessive force claim for the time he spent in custody, related-emotional distress, and the amount he posted in bail. The Court concludes that Plaintiff cannot obtain such damages.

While Plaintiff does not directly assert a false arrest claim in his Opposition based on Defendants' booking him for a felony offense (*see* Doc. 72), Plaintiff's claim for damages arising from his time in custody, related-emotional distress, and posting of bail implicitly amounts to a claim for damages arising from false arrest. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) ("If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.") (internal quotation marks and citations omitted). However, the Court previously granted Defendants' partial motion for summary judgment on Plaintiff's claims of unlawful seizure in violation of 42 U.S.C. § 1983 (Count 2) and false arrest/false imprisonment (Count 4). (*See* Doc. 42 at 6–11.)

In granting summary judgment to Defendants on Plaintiff's false arrest claim, the Court concluded that Defendants had probable cause to arrest Plaintiff for a violation of California Penal Code § 148(a)(1) after he fled, causing Defendants to engage in a foot chase of Plaintiff. (*See id.* at 8–10.) In Defendant Duncan's and Quintanilla's declarations in support of Defendants' partial motion for summary judgment, they asserted that they

4

had probable cause to arrest Plaintiff for violating California Penal Code § 148(a)(1).  (*See* Doc. 23-3 ¶ 15, Doc. 23-4 ¶ 12.)  Defendants also claimed that their use of force after Plaintiff was on the ground was to redirect Plaintiff's focus from "continuing his resistive behavior" so that Defendants could "gain control of [Plaintiff's] body to effect his arrest." (*See* Doc. 23-3 ¶ 17, Doc. 23-4 ¶ 14).  But Defendants said nothing specific about whether Plaintiff used force or violence in resisting arrest.

In ruling on Defendants' partial motion for summary judgment, the Court did not address whether Defendants had probable cause to arrest Plaintiff for a violation of California Penal Code § 69 and declines to do so now.  The questions of whether Plaintiff physically resisted arrest, and whether he used force or violence in doing so, are questions of fact relevant to the jury's assessing the reasonableness of Defendants' use of force in arresting Plaintiff.  *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (finding active resistance of arrest relevant to determining whether a seizure was reasonable under the Fourth Amendment).  Rather, the question here is whether Plaintiff can assert false arrest damages for one crime under an excessive force claim where Defendants had probable cause to lawfully arrest him for another crime.

The Ninth Circuit has not squarely addressed the issue of whether a plaintiff, who was lawfully arrested based on probable cause for one crime, may seek damages because he was booked for a different crime.  However, in *Blankenhorn v. City of Orange*, an unlawful arrest, excessive force, and malicious prosecution case, the Ninth Circuit held that it did not matter that the plaintiff was charged with a different crime than that for which he was arrested so long as probable cause to arrest existed for a closely related offense involving the same conduct.  485 F.3d 463, 473 (9th Cir. 2007).[2]  Subsequently, in *Ewing*

_____

[2] In *Devenpeck v. Alford*, 543 U.S. 146, 152–55 (2004), the Supreme Court of the United States rejected the closely related offense rule, which requires the offense establishing probable cause be "closely related" to the offense identified by the arresting officer, instead finding that an "arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."

*v. City of Stockton*, the Ninth Circuit noted a holding from *Holmes v. Village of Hoffman Estate*, that "probable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." 588 F.3d 1218, 1230 n.19 (9th Cir. 2009) (citing 511 F.3d 673, 682 (7th Cir. 2007)).

Other circuits have also concluded that a false arrest claim is precluded if officers had probable cause to arrest the plaintiff for any crime. *See Kee v. City of New York*, 12 F.4th 150, 158–59 (2d Cir. 2021) ("In other words, a police officer is not liable for a false arrest under Section 1983 if probable cause to arrest the plaintiff existed 'for any crime—whether or not that particular crime was closely related to the offense the officers said was the reason for arrest.'") (quoting *Berg v. Kelly*, 897 F.3d 99, 111 (2d Cir. 2018)); *c.f. Williams v. Aguirre*, 965 F.3d 1147, 1158–62 (11th Cir. 2020) (finding that the any-crime rule, which insulates officers from false arrest claims so long as probable cause existed to arrest a suspect for *some* crime, does not apply to claims of malicious prosecution).

The Court concludes that, because Defendants had probable cause to arrest Plaintiff for a violation of California Penal Code § 148(a)(1), Plaintiff would be precluded from raising a false arrest claim for Defendants arresting him without probable cause for a violation of California Penal Code § 69. *See Ewing*, 588 F.3d at 1230 n.19; *Kee*, 12 F.4th at 158–59; *Aguirre*, 965 F.3d at 1158–62.[3] Thus, Plaintiff is not entitled to damages for the time he spent in custody, related-emotional distress, and the amount he posted in bail.

## II.  Fear of Prosecution

Defendants move to preclude Plaintiff from seeking damages for emotional distress based on any "fear of prosecution" resulting from the fact that charges were not filed against him in this case. (*See* Doc. 64 at 1, 3.) Plaintiff does not specifically address whether he intends to seek such damages. (*See* Doc. 72.)

---

[3] The Court reiterates that it makes no decision regarding whether Defendants had probable cause to arrest Plaintiff for a violation of California Penal Code § 69.

In *Barlow v. Ground*, following an acquittal of state criminal charges, the plaintiff brought unlawful arrest and excessive force claims against the defendant officers and alleged he should be entitled to seek damages for attorney's fees in successfully defending against the criminal charges. 943 F.2d 1132, 1136 (9th Cir. 1991).  The Ninth Circuit held that "[a] plaintiff who proves that police arrested him without probable cause is entitled to compensation for the economic and non-economic damages he incurs as a proximate result of these violations." *Id.* (citing *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988)).  However, the Ninth Circuit went on to clarify that such damages were not available if the "prosecutor's decision to file charges is such an independent judgment that it must be considered the proximate cause of the subsequent criminal proceedings." *Id.*  To be entitled to such damages, the plaintiff was required to prove the police officers acted maliciously or with a reckless disregard for the plaintiff's rights. *Id.*  Or that the police officers made a false report, omitted material information, or otherwise prevented the prosecutor from exercising independent judgment. *Id.*  The Ninth Circuit concluded that the plaintiff met that burden due to sufficient evidence that the police officers misrepresented the facts to the prosecutor, leading to the filing of the criminal complaint. *Id.* at 1136–37.

Here, there is no evidence that Defendants engaged in any sort of misconduct that would have prevented the prosecutor from exercising independent judgment in declining to bring charges against Plaintiff.  And the fact that no charges were brought against Plaintiff limits any potential damages to those available for false arrest.  *C.f. Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919–20 (9th Cir. 2012) (finding where no criminal proceeding was brought against the plaintiff following his arrest, his remedy for damages was limited to those for false arrest and not malicious prosecution).  Because this Court has already granted Defendants' summary judgment on Plaintiff's claims for unlawful seizure in violation of 42 U.S.C. § 1983 and false arrest/false imprisonment, (*see* Doc. 42 at 6–11), Plaintiff may not obtain damages for any emotional distress due to a fear of prosecution. In light of the Court's ruling, the Court need not reach Defendants' evidentiary arguments.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Accordingly, Defendants' Motion *in limine* No. 3 (Doc. 64) is **<u>GRANTED</u>**.

**IT IS SO ORDERED**.

DATE:  August 25, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

8