**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WINSTON DURRELL SETTRINI,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>   Defendants. | Case No.: 3:20-cv-02273-RBM-BGS<br><br>**ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 4 TO INTRODUCE EVIDENCE OF PLAINTIFF'S DRUG POSSESSION**<br><br>[Doc. 65] |

Presently before the Court is Defendants' motion *in limine* No. 4 to introduce evidence of Plaintiff's drug possession ("Motion *in limine* No. 4"). (Doc. 65.) Plaintiff filed a memorandum of points and authorities in opposition to Defendants' Motion *in limine* No. 4 ("Opposition"). (Doc. 73.)

In Defendants' Motion *in limine* No. 4, Defendants seek to introduce evidence of Plaintiff's possession of drugs at the time he fled from Defendants as evidence of his motive to flee and resist arrest. (*See* Doc. 65 at 1.) Defendants argue that evidence of Plaintiff's possession of a bag containing marijuana and pills and another bag containing a "white powdery substance" is relevant and admissible under Federal Rule of Evidence 404(b)(2) as tending to prove Plaintiff's motive to flee and resist arrest. (*See id.* at 2–3.) Defendants also argue that the evidence is relevant to show Plaintiff's motive to flee was

1

not due to wanting to avoid being beaten by police officers, but because he possessed "illegal narcotics." (*See id.* at 1.) Defendants contend that this evidence is not barred by Federal Rule of Evidence 403, particularly where Plaintiff admitted being under the influence of alcohol and marijuana, and that it is also relevant to Plaintiff's ability to perceive and recollect the incident under Federal Rule of Evidence 602. (*See id.* at 3.) Plaintiff argues that it is undisputed that Plaintiff ran from Defendants, and thus his motive for fleeing is irrelevant and the evidence is not relevant to a motive to resist arrest. (*See* Doc. 73 at 4.) Plaintiff further contends that, because the pills and "white powdery substance" were neither identified nor tested by Defendants, and because marijuana was legalized recreationally in California in 2016, the little to no probative value of this evidence is substantially outweighed by the danger of unfair prejudice. (*See id.* at 4–5.)

The Court takes the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

For the reasons discussed below, Defendants' Motion *in limine* No. 4 is **DENIED**.

## I.     BACKGROUND

On July 21, 2019, Plaintiff and a friend met at a mutual friend's house at approximately 9:00 p.m. and made plans to go "out on the town." (Doc. 37, Joint Statement of Disputed and Undisputed Facts ("SOF") at 1.) Plaintiff and his friend left the mutual friend's home and went to a bar called The Office, in the North Park neighborhood of San Diego. (*Id.* at 2.) After exiting the bar, Plaintiff saw an unknown male and an unknown female engaged in an altercation across the street. (*Id.*) Plaintiff approached the couple to break up the altercation. (*Id.*) Plaintiff was then "punched in the face by the unknown male with such force that it 'rung [Plaintiff's] bell,' causing Plaintiff to stumble backwards and fall to the ground on his rear-end." (*Id.*)

At that time, Defendants Duncan and Quintanilla, police officers employed by the City of San Diego, were on patrol. (*Id.*) The officers were in full uniform and were driving in a marked police vehicle. (*Id.*) Defendants Duncan and Quintanilla were driving north on 30th Street, approaching University Avenue in the North Park neighborhood of San

Diego, when they saw several people congregated in the middle of the street intersection. (*Id.*)

Plaintiff approached a group of people on the southeast corner of 30th Street and University Avenue. (*Id.*) Defendant Duncan observed one of the bystanders point at Plaintiff, and the bystander said, "This guy right here, get him!" (*Id.*) Defendant Duncan attempted to detain Plaintiff by grabbing the back of Plaintiff's arm. (*Id.*) Plaintiff pulled away from Defendant Duncan and began running eastbound on University Avenue. (*Id.*)

Defendant Duncan began chasing after Plaintiff on foot and yelled out to Plaintiff to "Come here Mother Fucker." (*Id.*) Defendant Quintanilla got into the police car and followed Defendant Duncan's foot pursuit of Plaintiff. (*Id.*) Plaintiff continued to run eastbound on University Avenue for approximately one block before turning southbound on Ray Street. Plaintiff then turned into an alleyway with Defendant Duncan still in pursuit. (*Id.* at 2–3.)

Upon observing Plaintiff and Defendant Duncan enter the alleyway, Defendant Quintanilla got out of his police car and ran toward Plaintiff and Defendant Duncan in the alleyway. (*Id.* at 3.) As Plaintiff was running into the alley, he fell, looked back, and saw that he was being pursued by a police officer. (*Id.*) Officer Quintanilla caught up to Plaintiff, grabbed him, and pulled Plaintiff to the ground. (*Id.*) Plaintiff came to rest on his back, and Defendant Quintanilla delivered two knee strikes to Plaintiff's torso. (*Id.*) The officers then arrested Plaintiff and took him first to the hospital, and then to jail. (*Id.*)

## II.  DISCUSSION

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." "The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) (internal quotation marks and citations omitted).

3

However, under Rule 404(b)(2), such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "The use of evidence pursuant to this rule 'must be narrowly circumscribed and limited' and 'may not be introduced unless the government establishes its relevance to an actual issue in the case.'" *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993) (quoting *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985) (internal quotation omitted)).

In considering the admission of evidence under Rule 404(b)(2), the Ninth Circuit requires "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020) (internal citations omitted).

In *Castro v. Cnty. of Los Angeles*, No. 2:13-cv-06631-CAS(SSx), 2015 WL 4694070, at *3 (C.D. Cal. Aug. 3, 2015), the district court excluded the plaintiff's prior criminal arrests and convictions as not relevant to the plaintiff's excessive force claim because the defendant officer was not aware of the plaintiff's criminal history at time of arrest. The district court also found such evidence was inadmissible character evidence because the plaintiff's flight was not disputed, so the plaintiff's motive to flee was not a fact of consequence in determining the reasonableness of the defendant officer's use of force. *Id.* Here, Defendants do not argue that they were aware of Plaintiff's possession of marijuana or other drugs prior to his flight and alleged resistance to arrest. (*See* Doc. 64.) Nor is Plaintiff's flight from Defendants disputed. Thus, admission of this evidence would be improper to show a motive to flee, which is not a material point in this trial.

Defendants' argument under *Mendoza v. Gates*, 19 F. App'x 514 (9th Cir. 2001) is inapplicable here.[1]  There, the Ninth Circuit held that the district court did not abuse its

---

[1] Under the Federal Rules of Appellate Procedure, Ninth Circuit Rules, Circuit Advisory Committee Notes, Rule 36-3(c), unpublished Ninth Circuit dispositions and orders issued

4

discretion in admitting evidence of the plaintiff's prior marijuana conviction and probationary status under Rule 404(b)(2). *Id.* at 519–20. The Ninth Circuit found that evidence of Plaintiff's probationary status tended to show a motive to run from the police, rather than run from the officer pointing a gun at the plaintiff, and the probative value was not outweighed by the danger of unfair prejudice. *Id.* at 519–20. The Ninth Circuit also held that evidence of plaintiff's ingestion of cocaine was relevant to his motive to flee "insofar as his cocaine possession violated his probation." *Id.* at 519. Here, there is no evidence that Plaintiff was on probation or had any outstanding warrants such that he had a pre-existing motive to flee the Defendants. *C.f. Monroe v. Town of Haverstraw*, No. 20-cv-10944 (PMH), 2022 WL 16751919, at *2 (S.D.N.Y. Nov. 7, 2022) (excluding evidence of plaintiff's prior convictions because defendants failed to present specific information in plaintiff's criminal record evincing an intent or motive to resist arrest, such as an outstanding warrant).

      Whether Plaintiff resisted arrest is in dispute. In *Brown v. Grinder*, Case No. 2:13-cv-01007-KJM-KJN, 2019 WL 2337107 (E.D. Cal. June 3, 2019), an excessive force case, a district court excluded evidence of the plaintiff's criminal history, a toxicology report, and the illicit drugs found in his car. *Id.* at *2–3. Like the Defendants here, the defendants there argued this evidence showed a motive to violently resist arrest and attempt to flee. *See id.* The district court reasoned that, beyond the fact that the defendant officers were unaware of these items when they shot the plaintiff, the defendant officers' argument rested on "speculation that a suspect who knows he is in possession of illicit drugs, used drugs in the past, committed crimes in the past or has tattoos that may be identified as gang tattoos has a motive to violently resist arrest." *Id.* at *3. The district court also found that the probative value of the evidence in assessing Plaintiff's motive to violently resist arrest was substantially outweighed by the danger of unfair prejudice under Rule 403. *Id.*

---

before January 1, 2007 may not be cited to the courts of the Ninth Circuit absent the application of an exception, none of which are applicable here. *See* 9th Cir. R. 36-3(c).

While the question of whether Plaintiff resisted arrest is a material point at issue in this trial, his motivation for resisting arrest is not.  In any event, Defendants' argument that Plaintiff's possession of marijuana, which was legal under California law at the time, and possession of unidentified, untested drugs provides a motive to resist arrest, is speculative.  *See Brown*, 2019 WL 2337107, at *3.  Thus, this evidence is impermissible character evidence under Rule 404(b)(1).  In light of this Court's ruling, it need not address the remaining Rule 404(b)(2) factors.

Moreover, any minimal probative value of this evidence is substantially outweighed by the danger of unfair prejudice under Rule 403.  Plaintiff's legal possession of marijuana under California law does not tend to show a motive to flee or resist arrest.  And nothing can be concluded from Plaintiff's possession of drugs, including pills and a "white powdery substance," that Defendants failed to test.  Any inference that unidentified, untested drugs are illicit as opposed to legal and harmless would be speculative.  The scant probative value of that evidence is substantially outweighed by the danger of unfair prejudice.  All of this is not to say that Plaintiff's use of marijuana prior to the incident in question is not a proper basis for impeachment of his perception on cross-examination.

## CONCLUSION

Accordingly, Defendants' Motion *in limine* No. 4 (Doc. 65) is **DENIED**.

**IT IS SO ORDERED**.

DATE:  August 25, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE