Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for Plaintiff Winston Durrell Settrini

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON DURRELL SETTRINI, | Case No. 20-cv-02273-CAB-BGS |
| Plaintiff, | SUPPLEMENTAL BRIEF ON THE ISSUE OF DAMAGES |
| vs. | |
| | HEARING DATE: August 28, 2023 |
| CITY OF SAN DIEGO, and DOES 1 through 10, inclusive, | |
| | CTRM: 5B |
| Defendants. | TIME: 8:00 A.M. |
| | |
| | **UNITED STATES JUDGE RUTH BERMUDEZ MONTENEGRO** |

**COMES NOW** Plaintiff Winston Durrell Settrini and shows this Honorable Court His Supplemental Brief On The Issue Of Damages as follows:

# TABLE OF CONTENTS

<mark>
<mark>
<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

BACKGROUND .................................................................................................................. 1

POINTS AND AUTHORITIES ......................................................................................... 1

    I.    ON PLAINTIFF'S STATE CLAIMS, INTENTIONAL TORTFEASORS ARE NOT ENTITLED AN APPORTIONMENT OF RESPONSIBILITY. ................... 1

        A.    Legal Background—California's System of Pure Comparative Negligence and Related Concepts................................................................................ 1

        B.    After *B.B. v. Cnty. of Los Angeles*, It Is Absolutely Clear That Intentional Tortfeasors are Not Entitled to Apportionment of Damages Under California Law................................................................................................................ 3

    II.    INTENTIONAL TORTFEASORS ARE NOT ENTITLED TO COMPARATIVE DAMAGES CONCERNING PLAINTIFF'S NEGLIGENCE ON PLAINTIFF'S STATE CLAIMS. ................................................................................................... 8

    III.    ON PLAINTIFF'S STATE CLAIMS, IS THE UNIDENTIFIED MALE ASSAILANT WHO PURPORTEDLY STRUCK PLAINTIFF PRIOR TO DEFENDANTS ARRIVING ON THE SCENE A NEGLIGENT OR INTENTIONAL TORTFEASOR?................................................................................ 8

    IV.    DEFENDANTS, AS INTENTIONAL TORTFEASORS, ARE NOT ENTITLED TO COMPARATIVE DAMAGES OR APPORTIONMENT ON PLAINTIFF'S STATE CLAIMS BASED ON THE ACTIONS OF THE UNIDENTIFIED NON-PARTY INTENTIONAL TORTFEASOR, BUT THEY MAY SEEK COMPARITIVE EQUITABLE INDEMNIFICATION FROM HIM. .................... 9

    V.    FOR THE FEDERAL CLAIM, IS THE ANSWER TO ANY OF THE QUESTIONS ABOVE DIFFERENT?...................................................................11

# TABLE OF AUTHORITIES

**Federal Cases**

*Allen v. City of Los Angeles*,
   92 F.3d 842 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Burnett v. Grattan*,
   468 U.S. 42 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Finch v. City of Vernon*,
   877 F.2d 1497 (11th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Goudy v. Cummings*,
   922 F.3d 834 (7th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hays v. Jefferson Cty., Ky.*,
   668 F.2d 869 (6th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hazle v. Crofoot*,
   727 F.3d 983 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rooney v. United States*,
   634 F.2d 1238 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Watts v. Laurent*,
   774 F.2d 168 (7th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Weeks v. Chaboudy*,
   984 F.2d 185 (6th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12


**State Cases**

*Allen v. Sundean*,
   137 Cal.App.3d 216 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*American Motorcycle Assn. v. Superior Court*,
   20 Cal.3d 578 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6

*B.B. v. Cnty. of Los Angeles*,
    10 Cal. 5th 1, 471 P.3d 329 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

*Baird v. Jones*,
    21 Cal.App.4th 684 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Bartneck v. Dunkin*,
    1 Cal.App.3d 58 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bartosh v. Banning*,
    251 Cal.App.2d 378 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Chakalis v. Elevator Solutions, Inc.*,
    205 Cal.App.4th 1557 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*County of Lassen v. State of California*,
    4 Cal.App.4th 1151 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*DaFonte v. Up-Right, Inc.*,
    2 Cal.4th 593 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Daly v. General Motors Corp*,
    20 Cal.3d 725 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Godfrey v. Steinpress*,
    128 Cal.App.3d 154 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Heiner v. Kmart Corp.*,
    84 Cal.App.4th 335 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Kindt v. Kauffman*,
    57 Cal.App.3d 845 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Leko v. Cornerstone Building Inspection Service*,
    86 Cal.App.4th 1109 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Li v. Yellow Cab Co.*,
    13 Cal.3d 804 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Martinez v. De Los Rios*,
 187 Cal.App.2d 28 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Phelps v. Superior Court*,
 136 Cal.App.3d 802 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Platt v. Coldwell Banker Residential Real Estate Services*,
 217 Cal.App.3d 1439 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*PPG Industries, Inc. v. Transamerica Ins. Co.*,
 20 Cal.4th 310 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*S. Pac. Transportation Co. v. State of California*,
 115 Cal.App.3d 116 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Scott v. C.R. Bard, Inc.*,
 231 Cal.App.4th 763 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*So v. Shin*,
 212 Cal.App.4th 652 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Summers v. Tice*,
 33 Cal. 2d 80 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 11

*Thomas v. Duggins Construction Co., Inc.*,
 139 Cal.App.4th 1105 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 6

*Vollaro v. Lispi*,
 224 Cal. App. 4th 93 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Weidenfeller v. Star & Garter*,
 1 Cal.App.4th 1 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 7, 8

*Wilson v. Ritto*,
 105 Cal.App.4th 361 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 10

**Federal Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

42 U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11


**State Statutes**

Cal. Civ. Code § 1431.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Cal. Civ. Code § 1431.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Code Civ. Proc. § 875 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

Cal. Code Civ. Proc. § 875(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Cal. Code Civ. Proc. § 875(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 10

Cal. Code Civ. Proc., § 875(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# BACKGROUND

The Court requested the parties to submit "briefing, in no more than 12 pages," on the following questions:

1. For the state law claims, are intentional tortfeasors entitled to an apportionment of responsibility?

2. For the state law claims, are intentional tortfeasors entitled to comparative damages concerning any negligence of the plaintiff?

3. For the state law claims, is the unidentified male assailant who purportedly struck Plaintiff prior to Defendants arriving on the scene a negligent or intentional tortfeasor?

4. For the state law claims, and if the unidentified male assailant is an intentional tortfeasor, are intentional tortfeasors entitled to comparative damages concerning non-party, successive, intentional tortfeasors?

5. For the federal claim, is the answer to any of the questions above different?

# POINTS AND AUTHORITIES

**I.  ON PLAINTIFF'S STATE CLAIMS, INTENTIONAL TORTFEASORS ARE NOT ENTITLED AN APPORTIONMENT OF RESPONSIBILITY.**

**A.  Legal Background—California's System of Pure Comparative Negligence and Related Concepts.**

In *Li v. Yellow Cab Co.*, 13 Cal.3d 804 (1975), the California Supreme Court "abolished the contributory negligence defense and replaced it with 'a system of pure comparative negligence' that 'assesses liability in proportion to negligence.'" *B.B. v. Cnty. of Los Angeles*, 10 Cal. 5th 1, 14, 471 P.3d 329, 338 (2020) (quoting as *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 813, 829 (1975).

"Three years later, in *American Motorcycle*, [the Court] considered *Li*'s impact on" California's long-standing "rule of 'joint and several liability' for concurrent tortfeasors 'who have negligently inflicted the harm.' " *Id*. (quoting *American Motorcycle Assn. v. Superior Court*, 20 Cal.3d 578, 583 (1978)). Under the joint and several liability rule, " 'each tortfeasor whose negligence is a proximate cause of an indivisible injury remains individually liable for all compensable damages attributable to that injury, . . . and the injured person may sue one or all of the tortfeasors to obtain a full recovery for his or her injuries" *Id*. (quoting *American Motorcycle Assn*, 20 Cal.3d at 582, 587) (bracket marks omitted). The Court held that the joint and several liability rule was not abrogated by the newly implemented system of comparative fault: " 'after *Li*, a concurrent tortfeasor whose negligence is a proximate cause of an indivisible injury remains liable for the total amount of damages, diminished only in proportion to the amount of negligence attributable to the person recovering.' " *Id.* (quoting *American Motorcycle Assn*, 20 Cal.3d at 590).

In 1986, California voters passed Proposition 51, titled "The Fair Responsibility Act," which amended Cal. Civ. Code § 1431.2 as follows:

> In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

Cal. Civ. Code § 1431.2(a). *See also B.B.*, 10 Cal. 5th at 8–24 (discussing history of § 1431.2, comparative fault, joint and several liability, and related concepts in California law).

SUPPLEMENTAL BRIEF ON THE ISSUE OF DAMAGES

2

### B. After *B.B. v. Cnty. of Los Angeles*, It Is Absolutely Clear That Intentional Tortfeasors are Not Entitled to Apportionment of Damages Under California Law.

In the recent case of *B.B.*, the California Supreme Court held that Cal. Civ. Code "section 1431.2, subdivision (a), does not authorize a reduction in the liability of intentional tortfeasors for noneconomic damages based on the extent to which the negligence of other actors — including the plaintiffs, any codefendants, injured parties, and nonparties — contributed to the injuries in question." *B.B. v. Cnty. of Los Angeles,* 10 Cal. 5th 1, 29–30 (2020). As relevant here, the Court's ruling was based upon its determination that (1) "*California principles of comparative fault have never required or authorized the reduction of an intentional tortfeasor's liability based on the acts of others*," and (2) its recognition that "section 1431.2, subdivision (a), incorporates those 'principles of comparative fault.' " *Id.* at 24 (emphases added).

The California Supreme Court granted review to address a "split of authority" in the Court of Appeals regarding "application of Civil Code section 1431.2 to tortfeasors held liable for injuries based on the commission of an intentional tort" *B.B. v. Cnty. of Los Angeles*, 10 Cal. 5th at 4, 6 (2020). After reviewing the text and history of section 1431.2,[1] the Court examined "the law's treatment of intentional tortfeasors 'before the enactment of Proposition 51.'" *Id.* at 11 (citing *DaFonte v. Up-Right, Inc*., 2 Cal.4th 593, 602 (1992). The Court noted that one of "limitations on the contributory negligence doctrine" was that "the doctrine applied only where the defendant was liable on the basis of negligence, and was inapplicable where the defendant was liable on the basis of

---

[1] The *B.B.* Court also analyzed the text of section 1431.2, focusing closely on the phrase "based upon principles of comparative fault." *B.B. v. Cnty. of Los Angeles*, 10 Cal. 5th 1, 13 (2020). The Court's review determined that the term "comparative fault" has been interpreted to encompass "both negligence actions and actions founded on strict liability," but was never meant to encompass intentional torts. *Id.* (citing *Daly v. General Motors Corp*, 20 Cal.3d 725, 730, 742 (1978) (quotation marks omitted).

'willful misconduct' … or 'an intentional wrong.' " *Id*. at 14. The Court examined pre-*Li* cases such as *Bartosh v. Banning*, which held that the contributory negligence defense was "unavailable" to defendants in actions for battery. *Id*. (citing *Bartosh v. Banning*, 251 Cal.App.2d 378, 385 (1967) ("As between the guilty aggressor and the person attacked the former [could] not shield himself behind the charge that his victim may have been guilty of contributory negligence")).

The Court also examined Cal. Code Civ. Proc., § 875(a),[2] which "established a statutory 'right of contribution among' multiple 'defendants in a tort action' against whom 'a money judgment has been rendered jointly.' " *Id*. at 16 (quoting Cal. Code Civ. Proc. § 875(a)). The Court noted that although the purpose of § 875(a) was "to lessen the harshness of" the rule prohibiting contribution,[3] the "Legislature expressly denied the 'right of contribution' to tortfeasors who have 'intentionally injured the injured person.' " *Id*. at 16. (citing Cal. Code Civ. Proc. § 875(d)). The Court recognized that this " 'unequivocal' exclusion of intentional tortfeasors" from right of contribution is the rule "recognized uniformly in all jurisdictions." *Id*. (citing *Bartneck v. Dunkin*, 1 Cal.App.3d 58, 61, 81 (1969) and *Martinez v. De Los Rios*, 187 Cal.App.2d 28, 34 (1960)).

The Court then examined the history of comparative fault following *Li*, including "several published court of appeal decisions [that] addressed the comparative fault

---

[2] Cal. Civ. Proc. Code § 875, added in 1957, provides that "[w]here a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided." Cal. Civ. Proc. Code § 875. However, § 875 further provides that [t]here shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person." *Id*.

[3] Prior to Cal. Code Civ. Proc. § 875(a), tortfeasors were subject to a common law "rule prohibiting contribution, which precluded a tortfeasor 'forced to pay the plaintiff's whole claim for ... damages' from 'recover[ing] ... [a] pro rata share' from other tortfeasors who had contributed to the injuries." *B.B.*, 10 Cal. 5th at 16 (citing *American Motorcycle*, at p. 601, fn.7). Like the contributory negligence regime, this rule was criticized for its "harshness." *Id*.

doctrine's applicability to willful conduct." *Id*. at 18-19 (discussing, e.g., *Kindt v. Kauffman*, 57 Cal.App.3d 845, 855 (1976) (*Li*'s "comparative negligence doctrine ... does not apply to willful misconduct"); *S. Pac. Transportation Co. v. State of California*, 115 Cal.App.3d 116, 121 (1981) ("Unless a defendant has intentionally injured a plaintiff, he is entitled to a reduction in his liability to the plaintiff to the extent plaintiff's own negligence has contributed to the injury"); *Phelps v. Superior Court*, 136 Cal.App.3d 802, 815 (1982) ("damages resulting from intentional torts," including "battery," are not "subject to apportionment" based on the jury's allocation of fault among a plaintiff and defendants). "In sum," the Court found, "by June 1986, when the electorate adopted Proposition 51. . . Courts of Appeal *uniformly held* that intentional tortfeasors may not, under comparative fault principles, reduce their liability based on the negligent acts of others." *Id*. at 19-20.

The Court next examined "Published appellate authority after Proposition 51's adoption" which "similarly held that intentional tortfeasors may not obtain reduction of their liability under principles of comparative fault." *Id*. at 20. Among these decisions was *Thomas v. Duggins Construction Co., Inc.*—a case where the Court of Appeals "confronted the precise issue before [the Court in *B.B.*] and held that 'an intentional tortfeasor is [not] entitled to a reduction or apportionment of noneconomic damages under Proposition 51.' " *Id*. (quoting *Thomas v. Duggins Construction Co., Inc.*, 139 Cal.App.4th 1105, 1108 (2006)). The Court also discussed *Heiner v. Kmart Corp.*,[4] which found "it 'reasonably clear' under California law 'that apportionment of fault for injuries inflicted in the course of an intentional tort — such as . . . battery . . . — would

---

[4] As the California Supreme Court noted, "[t]he *Thomas* court relied in part on *Heiner v. Kmart*" in reaching its decision. *B.B.,* 10 Cal. 5th at 21.

have been improper." *Id.* at 21 (quoting *Heiner v. Kmart Corp.*, 84 Cal.App.4th 335, 337 (2000)). The *B.B.* Court observed that the Court of Appeals in *Heiner*:

> . . . [found] it "reasonably clear" under California law "that apportionment of fault for injuries inflicted in the course of an intentional tort — such as the battery in this case — would have been improper." [Citation.] The court reasoned that *Li*'s "adoption of a regime of 'comparative fault' " had not abrogated this rule. [Citation.] On the contrary, the court stated, *Li*, "along with" *American Motorcycle* [*Assn. v. Superior Court*, 20 Cal.3d 578 (1978)], *Allen* [*v. Sundean*, 137 Cal.App.3d 216 (1982)] and *Godfrey* [*v. Steinpress*, 128 Cal.App.3d 154 (1982)], "constitute an unbroken line of authority barring apportionment where, as here, the defendant has committed an intentional tort and the injured plaintiff was merely negligent."

*B.B.*, 10 Cal. 5th at 21 (quoting *Heiner,* at 349-350).[5]

The *B.B.* Court rejected the argument that *Weidenfeller v. Star & Garter*, 1 Cal.App.4th 1 (1991) "suggests that section 1431.2 should apply to intentional tortfeasors" . . . because the party who acted intentionally in that case 'was not named as

---

[5] The *Heiner* court found that it would be "contrary to sound policy to reduce a plaintiff's damages under comparative fault for his negligence in encountering the defendant's deliberately inflicted harm.' " *Heiner v. Kmart Corp.*, 84 Cal. App. 4th 335, 349 (2000) (quoting Prosser & Keaton on Torts (5th ed. 1984) § 67, pp. 477–478 (fn.omitted); Dear & Zipperstein, *Comparative Fault and Intentional Torts: Doctrinal Barriers and Policy Considerations*, 24 Santa Clara L.Rev. 1, 19–20 (1984)). The *Thomas* court found that "[t]he same policy considerations of deterrence and punishment that bar a reduction of an intentional tortfeasor's liability to reflect the plaintiff's contributory negligence also support the conclusion that an intentional tortfeasor's liability to the plaintiff is not subject to apportionment (i.e., reduction) where the negligence of one or more third party tortfeasors contributed to the injuries." *Thomas v. Duggins Constr. Co.*, 139 Cal. App. 4th 1105, 1112 (2006), *as modified* (June 12, 2006) (citing Cal. Code Civ. Proc., § 875(d); *PPG Industries, Inc. v. Transamerica Ins. Co.*, 20 Cal.4th 310, 319 (1999); *Leko v. Cornerstone Building Inspection Service*, 86 Cal.App.4th 1109, 1120 (2001)).

a defendant,'" and thus "*Weidenfeller* 'did not address' whether an intentional tortfeasor 'is entitled to apportionment' under the law." *Id.* at 21. In *Weidenfeller*:

> [T]he sole issue before the appellate court was whether the judgment against the *negligent* defendants for noneconomic damages should be reduced pursuant to section 1431.2 based on the percentage of fault the jury attributed to the assailant's intentional acts. [Citation.] The court's affirmative answer to that question did not, as defendants assert, "suggest[ ]" the converse, i.e., that intentional tortfeasors are entitled to reduce their liability based on the negligent acts of the plaintiff or other actors. This is clear from the fact that the court expressly distinguished *Godfrey* and *Allen* on the ground that they precluded "intentional actor[s]" from "shift[ing] [their] financial burden to a negligent party," and did not involve "the converse situation" — at issue in *Weidenfeller* — where "transfer [of] the intentional actor's responsibility to the negligent tortfeasor" is sought. [Citation.]

*B.B.*, 10 Cal. 5th at 21–22. The *B.B.* Court further observed that *Weidenfeller* "did not merely distinguish *Godfrey* and *Allen*, it endorsed and ultimately relied on their holding that intentional tortfeasors may not shift liability to negligent actors." *Id.* at 22. Such a result, "the Court of Appeal reasoned . . . would 'distort the meaning' of [Section 1431.2] by precluding 'a negligent tortfeasor' from invoking its benefits 'where the other tortfeasors act intentionally' "—a result it deemed " 'absurd.' " *B.B.*, 10 Cal. 5th at 22 (quoting *Weidenfeller*, at 6–7). Thus, the California Supreme Court found, "*Weidenfeller* actually provides further support for the view that, under existing principles of comparative fault, intentional tortfeasors are not entitled to reduction of their liability based on the negligent acts of others." *Id.*

Based on its review of post-*Li* cases, the Court determined "that California principles of comparative fault have never required or authorized the reduction of an intentional tortfeasor's liability based on the acts of others." *B.B.*, 10 Cal. 5th at 24. Thus, "[b]ecause section 1431.2, subdivision (a), incorporates those 'principles of comparative fault,' we agree with plaintiffs that the statute does not entitle [the defendant] to reduce his

liability based on the acts of [the decedent] the other defendants." *Id.* Ultimately, the Court held that "[Cal. Civ. Code] section 1431.2, subdivision (a), does not authorize a reduction in the liability of intentional tortfeasors for noneconomic damages based on the extent to which the negligence of other actors — including the plaintiffs, any codefendants, injured parties, and nonparties — contributed to the injuries in question." *Id.* at 29.

After *B.B.*, it is indisputably clear that, "under existing principles of comparative fault, intentional tortfeasors are not entitled to reduction of their liability based on the negligent acts of others." *See B.B.*, Cal. 5th at 22 (quoting *Weidenfeller*, at 6–7). Moreover, "California principles of comparative fault have never required or authorized the reduction of an intentional tortfeasor's liability based on the acts of others." *Id.* at 24 (emphases added).

Accordingly, in light of the discussion above, to the extent Defendants in this case are "intentional tortfeasors," they are not entitled to apportionment of responsibility.

## II. INTENTIONAL TORTFEASORS ARE NOT ENTITLED TO COMPARATIVE DAMAGES CONCERNING PLAINTIFF'S NEGLIGENCE ON PLAINTIFF'S STATE CLAIMS.

As a corollary to *B.B.*'s determination that "California principles of comparative fault have never required or authorized the reduction of an intentional tortfeasor's liability based on the acts of others," intentional tortfeasors are not entitled to comparative damages concerning negligence of the plaintiff. *See B.B v. Cnty. of Los Angeles*, 10 Cal. 5th 1, 29–30 (2020).

## III. ON PLAINTIFF'S STATE CLAIMS, THE UNIDENTIFIED MALE ASSAILANT WHO STRUCK PLAINTIFF PRIOR TO DEFENDANTS ARRIVING ON THE SCENE WAS AN INTENTIONAL TORTFEASOR.

Under California law, the essential elements of battery are:

> (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching.

*So v. Shin*, 212 Cal.App.4th 652, 669 (2013). "Battery is an 'intentional tort[.]'" *B.B. v. Cnty. of Los Angeles*, 10 Cal. 5th 1, 14 (2020) (citing *Bartosh v. Banning*, 251 Cal.App.2d 378, 385 (1967)). *See also Heiner v. Kmart Corp.*, 84 Cal. App. 4th 335, 349 (2000) ("apportionment of fault for injuries inflicted in the course of an intentional tort—such as the battery in this case—would have been improper").

The actions of the "unidentified male assailant" in punching the Plaintiff meet the elements of a battery under California law. *So*, 212 Cal.App.4th at 669.

### IV. DEFENDANTS, AS INTENTIONAL TORTFEASORS, ARE NOT ENTITLED TO COMPARATIVE DAMAGES OR APPORTIONMENT ON PLAINTIFF'S STATE CLAIMS BASED ON THE ACTIONS OF THE UNIDENTIFIED NON-PARTY INTENTIONAL TORTFEASOR, BUT THEY MAY SEEK COMPARITIVE EQUITABLE INDEMNIFICATION FROM HIM.

Ordinarily, a concurrent tortfeasor who causes an indivisible injury bears the burden of "apportioning the injury to a particular defendant," and also to "supply evidence for the apportionment of damages."[6] *See Summers v. Tice*, 33 Cal. 2d 80, 85-88 (1948). This burden "applies equally" where the joint tortfeasor is a non-party and does "not differ or shift simply because a joint tortfeasor is not named as a defendant."[7] *Wilson*

---

[6] "If defendants are independent tortfeasors and thus each liable for the damage caused by him alone, and, at least, where the matter of apportionment is incapable of proof, the innocent wronged party should not be deprived of his right to redress. The wrongdoers should be left to work out between themselves any apportionment." *Summers v. Tice*, 33 Cal. 2d 80, 88 (1948).

[7] " 'Nonparties' include the universe of tortfeasors who are not present at trial, including defendants who settled before trial and nonjoined alleged tortfeasors." *See Vollaro v. Lispi*, 224 Cal. App. 4th 93, 100 n.5 (2014).

*v. Ritto*, 105 Cal.App.4th 361, 370 (2003). Thus, defendant bears "the burden of proof required to add a nonparty to a special verdict form as a joint tortfeasor." *Id*; *Chakalis v. Elevator Solutions, Inc*., 205 Cal.App.4th 1557 (2012). A defendant must proffer "substantial evidence that a nonparty is at fault before damages can be apportioned to that nonparty." *Scott v. C.R. Bard, Inc.*, 231 Cal.App.4th 763, 785 (2014).

However, as explained above, "California principles of comparative fault have never required or authorized the reduction of an intentional tortfeasor's liability based on the acts of others." *B.B. v. Cnty. of Los Angeles,* 10 Cal. 5th 1, 29–30 (2020). Moreover, unlike non-intentional tortfeasors, intentional tortfeasors who have been found jointly liable with others for a money judgment do not have a "right of contribution" under Cal. Civ. Proc. Code § 875. Section 875(d) expressly provides that [t]here shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person." Cal. Civ. Proc. Code § 875(d).

Nevertheless, a California Court of Appeals has held "that comparative equitable indemnification can be applied between concurrent intentional tortfeasors."[8] *Baird v. Jones*, 21 Cal. App. 4th 684, 690 (1993). "Comparative equitable indemnification cannot be applied if doing so is against public policy." *Id*. (citing *Platt v. Coldwell Banker Residential Real Estate Services*, 217 Cal.App.3d 1439, 1444–1445 (1990)). "The basic idea of indemnification is to spread or shift the burden of an obligation so that the responsible person will be motivated to effectuate a cure." *Id*. (quoting *County of Lassen v. State of California*, 4 Cal.App.4th 1151, 1154 (1942)). The Court in *Baird* provided an illustration of the concept in the context of concurrent intentional tortfeasors:

> Here, Baird, Jones and RE/MAX were held jointly and severally liable for the damages suffered by Samee. Obviously, Samee cannot collect his

---

[8] Section 875 "shall not impair any right of indemnity under existing law, and where one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them." Cal. Civ. Proc. Code § 875(f).

judgment twice. In the event Samee collects from Baird first, Jones and RE/MAX contend they should escape without payment. Under existing rules, Baird cannot seek contribution. (Code Civ.Proc., § 875, subd. (d).) However, equity requires a fair application of financial responsibility. Baird's intentional conduct, by comparison to Jones's, was fairly innocuous. . . . Baird merely followed Jones' advice and instructions. Requiring Baird to pay the entire judgment without hope of recovering some portion of it from Jones would be unconscionable. Indeed, such a conclusion would only reward the intentional tortfeasor who successfully hides his or her assets from a judgment creditor. . . . If it is equitable and just to allocate loss between concurrent negligent tortfeasors, a negligent tortfeasor and an intentional tortfeasor, or a negligent tortfeasor and a strictly liable defendant, then there is little logic in prohibiting an intentional tortfeasor from forcing another intentional tortfeasor to bear his or her share of liability.

*Baird v. Jones*, 21 Cal. App. 4th 684, 692–93 (1993).

"The question of indemnification is a matter to be decided as between the defendants." *Rooney v. United States*, 634 F.2d 1238, 1245 (9th Cir. 1980). Thus, if Defendants seek "comparative equitable indemnification" from the unidentified, non-party male assailant, Defendants must "work [that] out between themselves" and the other "wrongdoer." *See Summers v. Tice*, 33 Cal. 2d 80, 88 (1948). In any event, Plaintiff—the "innocent wronged party"—may "not be deprived of his right to redress. *Summers*, 33 Cal. 2d at 88.

V. **FOR THE FEDERAL CLAIM, IS THE ANSWER TO ANY OF THE QUESTIONS ABOVE DIFFERENT?**

In determining which laws apply to effect a civil right statute, "Congress has directed federal courts to follow a three-step process to borrow an appropriate rule." *Burnett v. Grattan*, 468 U.S. 42, 47–48 (1984); 42 U.S.C. § 1988. The district court should (1) "look to the laws of the United States so far as such laws are suitable to carry the civil and criminal civil rights statutes into effect;" (2) consider state common law; and then (3) "apply state law only if it is not inconsistent with the Constitution and the laws of the United States." *Id*.

Here, the result would be the same under federal or state law because, like California law, federal common law allows for joint and several liability under Section 1983. *See Goudy v. Cummings*, 922 F.3d 834, 843 (7th Cir. 2019) ("Section 1983 liability must be understood against the background of the ordinary principles of tort law, where joint and several liability is the norm"); *Finch v. City of Vernon*, 877 F.2d 1497, 1502-03 (11th Cir. 1989) ("the district court, applying a federal rule of damages, correctly held the City jointly and severally liable"); *Weeks v. Chaboudy*, 984 F.2d 185, 188 (6th Cir. 1993) (federal common law requires joint and several liability in § 1983 cases and reversing a district court's apportionment of damages); *Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir. 1985) (applying federal common law in holding that defendants were jointly and severally liable in a § 1983 case); *Hazle v. Crofoot*, 727 F.3d 983, 986 (9th Cir. 2013) ("district judge erred in instructing the jury to determine whether liability should have been apportioned among the multiple defendants," and § 1983 plaintiff "was entitled to [instruction] that defendants were jointly and severally liable for his injuries"). Like California, federal common law does not recognize contributory negligence as a defense to intentional torts. *See, e.g., Hays v. Jefferson Cty., Ky.,* 668 F.2d 869, 875 (6th Cir. 1982) ("Contributory negligence has never been a defense to intentional tortious conduct.")

However, unlike California law, there may be no "equitable indemnification" under § 1983. *Allen v. City of Los Angeles*, 92 F.3d 842, 845 (9th Cir. 1996). "There is no federal right to indemnification provided in 42 U.S.C. § 1983."

Date: August 28, 2023

                                                   __/s/ Jerry L. Steering_____
                                                   JERRY L. STEERING
                                                   Counsel for Plaintiff